---

(No. 13667.—Appellate Court reversed; municipal court affirmed.)
GEORGE BUDELMAN, Appellant, *vs.* THE AMERICAN INSURANCE COMPANY, Appellee.

*Opinion filed February 15, 1921—Rehearing denied April 19, 1921.*

1. CONTRACTS—*executory contract of sale does not convey title to real property.*   An executory contract for the conveyance of real property does not convey title to the vendee but the vendor retains the legal title, and the vendee does not even take an equitable title until he performs all acts necessary to entitle him to a deed.

2. INSURANCE—*contract for a deed does not change vendor's interest under fire insurance policy.*   A contract for the conveyance of real property after the completion of the payment of installments does not change the vendor's interest within the meaning of a fire insurance policy which is to become void upon the change of "interest, title or possession of the subject of insurance," as the word "interest" means "legal interest," and the vendor is still the holder of the legal title and the risk is his, although the proceeds of the insurance are impressed with a trust which a court of equity will compel him to execute.

3. SAME—*occupancy of premises by vendee under contract for conveyance is not such change of "possession" as will affect insurance.* Occupancy of the premises by the vendee under a contract for the conveyance of the property after the payment of installments of the purchase price is not a change in the possession which will affect the vendor's insurance under a policy which provides that it shall become void upon any change "in the interest, title or possession of the subject of insurance, (except change of occupants without increase of hazard,)" as the word "possession" must be held to be used in its legal sense as distinct from "occupancy," and legal possession follows legal title.

4. SAME—*vendee under contract for conveyance has insurable interest.* The vendee under a contract for the conveyance of real property upon the payment of installments of the purchase price has contract rights which he can enforce against the vendor, and to protect his interest in the property against the insolvency of the vendor he may insure his interest.

5. SAME—*insurance contract will be construed in favor of insured.* An insurance contract will be construed most strongly in favor of the insured, and the courts will not forfeit a policy except where a clear right of forfeiture is shown.

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding.

M. M. JACOBS, for appellant.

SEYMOUR EDGERTON, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

March 3, 1914, appellee, the American Insurance Company, issued to appellant, George Budelman, a fire insurance policy insuring him against loss of or damage to his dwelling house at 3919 Nottingham avenue, Chicago, for a term of three years to an amount not exceeding $1700. Among others, the policy contained the following provision: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if

any change other than by the death of an insured takes place in the interest, title or possession of the subject of insurance, (except change of occupants without increase of hazard;) * * * by voluntary act of the insured or otherwise." It was stipulated that some months after the issuance of the policy appellant entered into an executory contract with Lyuba Kotitz and wife to sell them the property on the installment plan. The contract contained the usual provisions of such a contract for deed, providing, among other things, that the vendor would convey the property by warranty deed after the vendee had made the payments in accordance with the contract, and providing further that a failure to make the payments would, in accordance with the contract, forfeit all payments theretofore made and all rights of the vendee in the property. The contract said nothing about which of the parties was entitled to possession of the premises, but it is stipulated that the vendee entered into possession about January 30, 1915, and continued to live in the dwelling house on the premises until October 30, 1916, when it was damaged by fire. The amount of the loss was agreed to be $632.37, but appellee contended that it was not liable because there had been a change of interest and possession within the meaning of the policy. On a trial before one of the judges of the municipal court of Chicago two propositions of law were submitted and both were marked "refused." The first was: "The court holds as a proposition of law that the policy of insurance sued on became null and void prior to the happening of the fire by reason of a change of possession of the subject of insurance;" and the second was: "The court holds as a proposition of law that the policy of insurance sued on became null and void prior to the fire by reason of a change in the interest of George Budelman, the assured, in and to the subject of insurance." The municipal court found for appellant and rendered judgment against appellee. On appeal the Appellate Court for the First District

reversed the judgment of the municipal court, holding that while there had been no change in the title or interest within the terms of the policy there had been a change of possession, therefore holding that the first proposition of law should have been sustained. A certificate of importance was granted and a further appeal is prosecuted to this court.

The law is well settled in this State that an executory contract of sale does not convey title to the vendee. The vendor retains the legal title and the vendee does not even take an equitable title. (*Chappell* v. *McKnight*, 108 Ill. 570; *Phenix Ins. Co.* v. *Caldwell*, 187 id. 73.) When the vendee performs all acts necessary to entitle him to a deed, then, and not until then, he has an equitable title and may compel a conveyance. So it has been held in this State that since a vendee has neither legal nor equitable title, the provisions of an insurance policy forbidding a change of title are not violated by entering into the ordinary contract for a deed. (*Phenix Ins. Co.* v. *Caldwell, supra; National Fire Ins. Co.* v. *Three States Lumber Co.* 217 Ill. 115; Ostrander on Fire Insurance,—2d ed.—sec. 65.) In an action at law the vendor, being the holder of the legal title, is regarded as the sole and unconditional owner of the property, although the property in his hands or the proceeds of the insurance are impressed with a trust which a court of equity will compel him to execute. (*Security Ins. Co.* v. *Kuhn,* 207 Ill. 166.) The risk of the property remains with the title and the contract is personal with the vendor, the loss or destruction of the property falling upon him as the owner. Interest, as used in the alienation clause of this policy, means legal interest, and therefore is retained by the party holding the legal title. The municipal court properly refused the second proposition of law.

The question more difficult of solution, and the one on which the municipal court and Appellate Court disagree, is the one raised by the first proposition of law. It is a question of first impression in this State and one on which the

authorities in other jurisdictions are in irreconcilable conflict. The courts of some States, including those of New York, New Jersey, Kentucky and California, have adopted the rule that the term "title" in the alienation clause of insurance policies refers to either legal or equitable title. For example, in *Grunauer* v. *Westchester Fire Ins. Co.* 72 N. J. L. 289, 62 Atl. 418, (a case in no way distinguishable from the case now before us,) the court said: "Undoubtedly, such contract creates the relation of trustee and *cestui que trust* between vendor and vendee. It produces in equity a complete transition of the vendor's holdings from real to personal and gives the vendee the equitable ownership. * * * Although the vendor still retains the legal title to the land agreed to be sold and conveyed, he thereafter holds it only as a trustee for the vendee, who becomes the equitable and beneficial owner. In *Martin* v. *State Ins. Co.* 44 N. J. L. 485, it was held in our Supreme Court that where the whole beneficial interest and the possession were in the assured, although the naked legal title of the property insured was in a third party, the former had the entire, unconditional and sole ownership of the property." Without quoting further, it will be seen that this line of decisions is in direct conflict with the settled law of this State. In the States where this theory prevails it is held that the loss in case of fire falls on the vendee, the holder of the equitable title, and for that reason they hold that a policy similar to the one before us insuring the vendor is forfeited where the vendee enters into possession of the property under an executory contract of sale. On the other hand, the rule recognized in this and many other States, including Massachusetts, Pennsylvania and Kansas, is that the terms "title," "interest" and "possession," used in the alienation clause of insurance policies, refer to the legal title, interest and possession. In this State the loss in case of fire falls on the vendor, the holder of the legal title, who accordingly must apply any insurance he receives

to the re-building of the premises. Being responsible for the delivery of the premises when the vendee complies with the terms of the contract, his interest in the property is not lessened, and by permitting the vendee to occupy the property he does not lose his legal title, interest or possession. The vendee has contract rights which he can enforce against the vendor, and to protect his interests in the property against the insolvency of the vendor he may insure his interests. *Grange Mill Co.* v. *Western Assurance Co.* 118 Ill. 396.

The provision in this policy makes a distinction between "possession" and "occupancy." If the term "possession" is to be used in the sense of "occupancy," then the parenthetical phrase, "except change of occupants without increase of hazard," is meaningless. It is a well recognized rule of construction that an insurance contract will be construed in favor of the insured, (*Forest City Ins. Co.* v. *Hardesty,* 182 Ill. 39; *Peterson* v. *Manhattan Life Ins. Co.* 244 id. 329;) and the courts will not forfeit a policy except where a clear right of forfeiture is shown. (*German Ins. Co.* v. *Gibe,* 162 Ill. 251.) We consider a fair interpretation of this alienation clause to be that the term "possession" is used in its limited legal sense. From that conclusion it follows that there was no change in possession, because legal possession follows the legal title. It is not necessary for the holder of the legal title to occupy his premises to be in legal possession of them. (*Walters* v. *People,* 21 Ill. 178; *Williams* v. *Forbes,* 47 id. 148; *Muller* v. *Balke,* 167 id. 150.) Until the vendee under an executory contract for a deed has completed his payments and is in a position to demand conveyance of the legal title he occupies the premises by virtue of his contract. There is no claim that appellee was in any way injured by the giving of this contract for sale. It is not claimed that any fraud was practiced upon it or that the loss was other than an honest one. The loss is the loss of appellant. To

declare a forfeiture calls for a technical construction of the alienation clause, which we are not satisfied to give. We conclude, under the rules prevailing in this State, that the Appellate Court erred in holding the law to be that stated in the first proposition submitted.

The judgment of the Appellate Court is reversed and the judgment of the municipal court is affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of municipal court affirmed.*