## Thomas Davis, Defendant in Error, v. Augusta J. Glendinning et al., Plaintiffs in error.

### Gen. No. 28,372.

1. DEEDS—*sufficiency of expressed consideration.* A deed to real estate which purports to have been given in consideration of the sum of ten dollars and other valuable considerations states a sufficient consideration.

2. CONTRACTS—*seal importing consideration for deed.* A deed under seal must be regarded as having been made upon a sufficient consideration.

3. REFORMATION OF INSTRUMENTS—*sufficiency of proof of validity of contract.* In a suit for the reformation of a deed to real estate and for other relief held that the validity of the deed was abundantly supported by the record, showing close friendship and trust between the parties and an acknowledgment of an obligation of gratitude by grantor to grantee.

4. DEEDS—*sufficiency to carry interest in land contracts.* Where the owner of real estate subject to a land contract the consideration for which represented practically the market value of the property, conveyed it to a cousin whom the record shows he desired to compensate for faithful services to himself and family, the chancellor was justified, in a suit by the grantee to reform the deed, in concluding that the grantor intended that the grantee should receive the property and all the interest growing out of the land contract.

5. DEEDS—*circumstances showing intent to convey full interest.* On the question whether a warranty deed was intended to convey a mere naked legal title or the full interest of the grantor in a land contract previously made with another it is an important

circumstance to be considered that the grantee was made a trustee of the estate of the grantor.

6. DEEDS—*failure to make other disposal of it as indicating inclusion of equities.* Where the holder of the legal title to property made no separate disposition of the interest in a land contract given thereto such interest passed under a warranty deed and it is unimportant that he might have made a separate disposition of the contract interest.

7. REFORMATION OF INSTRUMENTS—*status of plaintiff as mere volunteer or holder for value.* In a suit to reform a deed or to have the grantees interest in a land contract, which covered other property as well, apportioned, the point that equity will not complete a transaction which the parties themselves failed to complete is not relevant where there was a valuable consideration for the deed and the transaction between the grantor and grantee was complete upon delivery of the deed.

8. APPEAL AND ERROR—*briefs and argument.* Under court rule number 19 arguments should be confined to points made in the brief.

9. VENDORS AND PURCHASERS—*apportionment of unpaid purchase money between vendor and grantee.* In a suit to apportion the interest of a grantee of the legal title to property in a land contract which also covered other property where the relative values of the part conveyed by the deed and that retained by the grantor were established by competent testimony and the apportionment made by the court followed those values, there is no substantial reason for holding the apportionment was not fairly and justly made.

Error by defendants to the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1923. Affirmed. Opinion filed April 14, 1924. Rehearing denied April 28, 1924. *Certiorari* denied by Supreme Court (making opinion final).

CLELAND, LEE & PHELPS, for plaintiffs in error.

MCKINNEY, LYNDE & GREAR, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

By his bill, complainant sought the reformation of a deed purporting to convey certain real estate to him, which was subject to a prior contract of sale, but, if the court should deny this, that the value of the land con-

veyed to defendant be fixed, so that his proportion of the purchase price on the contract of sale should be paid to him. Answers were filed and the cause heard by the Chancellor, who refused to order the reformation of the deed but granted the alternative prayer of the bill and fixed the proportion of the unpaid purchase price belonging to complainant. Defendants by this writ of error seek the reversal of the decree.

The Chancellor found that on February 20, 1919, Robert T. Glendinning owned the real estate described in the bill of complaint and on that day entered into a contract to sell the same to Bessie Lippa for $29,000, $2,000 to be paid May 1, and the balance in 120 monthly instalments of $225 each. October 15, 1919, Glendinning and his wife executed and delivered their warranty deed conveying to complainant a part of this real estate subject to a mortgage of $10,000; that after this date the monthly payments under the Lippa contract for October, November and December, 1919, and for January, 1920, were received by Glendinning; that Glendinning died testate February 2, 1920; that his will was admitted to probate and the executors have received $5,625 under the Lippa contract, and paid out $4,320 in payment of interest and principal on account of the mortgage, leaving a balance in their hands of $1,305.

The decree finds that complainant received and accepted his deed with knowledge of the existing Lippa contract; that said deed was for a sufficient legal consideration and that thereby complainant acquired all the right, title and beneficial interest of Glendinning in the real estate therein described, subject to the mortgage and to the rights of Bessie Lippa under her contract; that by virtue of this deed complainant was entitled to receive that proportion of all payments made after October 15, 1919, by Bessie Lippa on her contract relating to or applicable to the property conveyed by the deed of October 15, 1919; that the property conveyed under this deed is in value

eighty per cent of the entire property described in the Lippa contract of sale, and therefore complainant was entitled to receive eighty per cent of the amount of the payments made by Lippa on the contract, and that complainant was entitled to receive from Bessie Lippa eighty per cent of all payments hereafter made by her under said contract, the executors of the estate of Robert Glendinning to receive the remaining twenty per cent of all said payments.

Complainant assigns no cross errors as to the denial of his prayer to reform his deed, so in this respect it may be considered as final.

The validity of the deed from Glendinning to Davis is questioned, but rather by way of argument than by citation of cases. The deed purports to have been given in consideration of the sum of "ten dollars ($10) and other valuable considerations." This was sufficient consideration. It was also under seal and hence must be regarded as having been made upon a sufficient consideration. *Forthman v. Deters,* 206 Ill. 159; *Guyer v. Warren,* 175 Ill. 328.

The argument that the circumstances surrounding the execution and delivery of the deed show that Glendinning did not intend to convey the property to Davis is contradicted by the record. Glendinning and Davis were reputed to be cousins, coming to this country from Ireland in 1901 and 1902; they roomed together here and were close friends and companions. Davis was employed as the superintendent of the Roofing company of which Glendinning was president. Later Davis left Chicago and went west, but in 1919, after Glendinning was married, he wrote to Davis asking him to return to Chicago, which he did, making his home with Glendinning's family. Glendinning had been very successful, accumulating a fortune of about two and one-half million dollars. About October 15, 1919, the date of the deed to Davis, Glendinning told a number of persons that he was making this deed to repay Davis for his kindness to his family

and to Mrs. Glendinning, and that Davis had been very faithful. Davis continued to live at the Glendinning home until the death of the latter February 2, 1920. Glendinning suffered a nervous breakdown in 1919, and at the advice of his physician went to West Baden for a rest, accompanied by Davis. The finding of the Chancellor that the deed was valid is abundantly supported by the record.

The crucial question is whether the deed conveyed to Davis all the rights and interest of Glendinning in the Bessie Lippa contract, with the right to the proportionate share of the monthly instalments paid by her on the purchase price. The rule is that:

"So long as the legal title remains in the vendor it may be conveyed by him, and the conveyance will pass all his right in the land, including, as a general rule, the right in equity to receive the unpaid purchase money and enforce the vendor's lien therefor." 27 R. C. L. 560.

In *D'Wolf v. Pratt et al.*, 42 Ill. 198, it was ordered that the money paid under a contract of purchase should not go to the vendor but to his subsequent vendee. See also *Southern Building & Loan Ass'n v. Page et al.*, 46 W. Va. 302; *Robertson v. Read*, 52 Ark. 381; *Laughlin v. North Wisconsin Lumber Co.*, 176 Fed. 772. The cases cited in opposition are suits at law, where the rule may be otherwise than it is in equity.

The record shows that Glendinning desired to compensate Davis for his faithful services to himself and his family. The purchase price under the Lippa contract was virtually the market value of the property, and nearly all of this was to be paid in monthly instalments. It would have been no consideration whatever for Davis' services, to receive only the naked title without any beneficial interest in the contract. The Chancellor was justified in concluding from the circumstances of the parties and their relations to each other that it was intended that Davis should receive the real estate and all of the interest growing

out of the Lippa contract. It would be inequitable to hold otherwise.

It is an important circumstance to be considered that Davis was made a trustee of the estate under Glendinning's will, which is not consistent with any intention to convey to Davis by the warranty deed in question merely a naked legal title, the interest in the Lippa contract to be held by Davis as trustee for the benefit of the estate.

It is not important that Glendinning might have made a separate disposition of his interest in the Lippa contract. He made no such separate disposition, therefore it passed with the title under the warranty deed.

The point that equity will not complete a transaction which the parties themselves failed to complete, which is not based upon a valuable consideration, is not relevant. There was a valuable consideration for the deed to Davis and the transaction between him and Glendinning was complete upon the delivery of the deed.

February 9, 1921, Davis filed a claim in the probate court against the Glendinning estate and this was admitted in evidence by the Chancellor, although he held that this was a separate transaction, not in issue in the instant case. We do not see how this evidence was material or relevant as it tended to prove nothing except that Davis had a claim against the Glendinning estate.

Defendant's counsel in argument criticises the apportionment of the purchase money made by the Chancellor, although no such point is made in the brief. Under our rule number 19, arguments should be confined to points made in the brief. However, the relative values of the part of the real estate conveyed to Davis and the part retained by Glendinning were established by the testimony of competent witnesses, the apportionment made followed these values, and

there is no substantial reason for holding they were not fairly and justly made.

Upon consideration of the entire record we agree with the conclusion and findings of the Chancellor, and the decree is affirmed.

*Affirmed.*

MATCHETT, P. J., and JOHNSTON, J., concur.