(No. 21986.—)

JOEL E. BULLARD *et al. vs.* ARTHUR C. TURNER *et al.*—
(JOEL E. BULLARD, Trustee, Appellant, *vs.* THE STAND-
ARD CHAIR COMPANY OF PENNSYLVANIA, Appellee.)

*Opinion filed June 15, 1934—Rehearing denied October 3, 1934.*

FRANK E. HAYNER, GEORGE GILLETTE, and ELMER M. LEESMAN, for appellant.

HELMER, MOULTON, WHITMAN & HOLTON, (HERBERT R. TEWS, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Joel E. Bullard as trustee and the Maywood Trust and Savings Bank filed a bill to foreclose a trust deed in the nature of a mortgage in the superior court of Cook county. The defendants were Arthur C. Turner, the Standard Chair Company of Pennsylvania, the Standard Chair Company of Illinois, the Brockton Heel Company, the Chicago Title and Trust Company as trustee and J. B. Lewis, trading as the Lewis Electric Company. The Standard Chair Company of Pennsylvania filed a cross-bill claiming priority over the trust deed with respect to the income from a portion of the mortgaged property. Answers to the bill and cross-bill were filed by the parties, except Turner, the Chicago Title and Trust Company as trustee, and the Standard Chair Company of Illinois, whose defaults were recorded. Upon the application of the complainants the Union Bank of Chicago was appointed receiver to take charge of the mortgaged property. The receiver, by its petition, asked that the Brockton Heel Company, a tenant, be required to attorn to it. The tenant answered the petition and upon a reference, a master in chancery heard evidence and made a report in favor of the petitioner. The court entered an order confirming the master's report and directed the tenant to attorn to the receiver. Subsequently, the cause was referred to another master in chancery who heard evidence, made a report with findings, and recommended a decree in conformity with the prayer of the bill. A decree of sale was entered and the cross-bill was dismissed for the want of equity. The Standard Chair Company of Pennsylvania

prosecuted an appeal to the Appellate Court for the First District and that court reversed the decree and remanded the cause with directions. Upon a certificate of importance, Joel E. Bullard as trustee, prosecutes this further appeal.

The real estate described in the trust deed is owned by Arthur C. Turner. It consists of nine lots and is improved by a four-story brick building known as 123-139 West Forty-sixth street, Chicago. Turner, who conducted a business by the style of the Standard Chair Company and later caused it to be incorporated in this State as the Standard Chair Company of Illinois, occupied the east half of the building. On November 28, 1921, he executed a lease of the west half to the Brockton Heel Company for the term from March 1, 1922, to April 30, 1927, with the option to extend the term for an additional period of five years. The option was exercised by the lessee.

On July 1, 1929, the property was incumbered by a first mortgage. Turner, on that day, delivered his promissory note for $7500, due in two years, with interest at six per cent, and executed the trust deed in question to Joel E. Bullard to secure its payment. Prior to that time, Turner became indebted to the Standard Chair Company of Pennsylvania, and to secure the payment of his indebtedness, assigned to that company, by two instruments dated August 8, 1927, the lease he had made to the Brockton Heel Company and the rental accruing under it. These assignments were not recorded.

The purpose of the petition of the receiver, appointed in pursuance of the provisions of the trust deed, was to require that the rental derived from the part of the premises occupied by the Brockton Heel Company be paid to the receiver. The Standard Chair Company of Pennsylvania, by its answer to the original bill, its cross-bill and its answer to the petition of the receiver, claimed this rental by virtue of the assignments from Turner, the owner of the property. The Brockton Heel Company averred in its

answer that it was notified of the assignments of the lease and the rental in August, 1927, and the evidence shows that thereafter and until the receiver was appointed, the appellee, the Standard Chair Company of Pennsylvania collected the rent so assigned. The Chicago Title and Trust Company was made trustee in a third mortgage executed by Turner on August 24, 1929, to secure the payment of certain notes held by the appellee. The claim of J. B. Lewis was for a mechanic's lien.

The controversy in this case concerns the right to collect rents during the pendency of the proceeding. The decision of that question depends upon the legal effect of the unrecorded assignments of the lease and the rental without notice of the rights growing out of such assignments other than that afforded by the occupancy of the tenant. The appellant contends that there was no competent proof of the assignments; that even if there were such proof, the possession by the tenant did not give constructive notice of the appellee's claim; that, unless the trustee had actual notice of the assignments, he had the right to assume that no such instruments existed, and that, to constitute notice to the appellant, the assignments should have been recorded. The contentions of the appellee, on the contrary, are that possession of property by a tenant is notice not only of the right, title and interest of the tenant and of his landlord, but also of the rights of the person to whom the tenant pays rent; that actual notice of the rights of the appellee was not necessary because the possession of the tenant was sufficient to put the trustee upon inquiry, the neglect or omission of which nevertheless bound the trustee by whatever facts an inquiry would have disclosed, and that the necessity for the appointment of a receiver was not established.

Section 28 of the act concerning conveyances (Cahill's Stat. 1933, p. 695; Smith's Stat. 1933, p. 699) provides that deeds, mortgages, powers of attorney and other in-

struments relating to or affecting the title to real estate in this State shall be recorded in the county in which such real estate is situated. Section 30 provides that "all deeds, mortgages and other instruments of writing which are authorized to be recorded, shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers, without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers, without notice, until the same shall be filed for record." The public records of conveyances and instruments affecting the title to real estate are established by statute to furnish evidence of such title, and a purchaser may rely upon such records in security unless he has notice, or is chargeable in some way with notice, of a claim, estate or interest inconsistent therewith. (*Vombrack* v. *Wavra*, 331 Ill. 508). Under the system of recording the evidences of title to real estate in force in this State, the actual occupancy of land is equivalent to the record of the instrument under which the occupant claims so far as notice to subsequent purchasers and incumbrancers is concerned. *McDonnell* v. *Holden*, 352 Ill. 362; *Garlick* v. *Imgruet*, 340 id. 136; *Moore* v. *Machinery Sales Co.* 297 id. 564; *Merchants and Farmers State Bank* v. *Dawdy*, 230 id. 199; *Coari* v. *Olsen*, 91 id. 273.

A purchaser or incumbrancer is bound to inquire of a person in possession of real estate by what right he holds possession and what interest he claims; and in case the purchaser or incumbrancer fails to make such inquiry, the law charges him with constructive notice of all those facts which he would have ascertained respecting the claim or title of the person in possession had inquiry been made of him. (*Nelson* v. *Joshel*, 305 Ill. 420; *Williams* v. *Brown*, 14 id. 200; *White* v. *White*, 89 id. 460; *Coari* v. *Olsen*, 91 id. 273; *Ford* v. *Marcall*, 107 id. 136; *Tillotson* v. *Mitchell*, 111 id. 518; *Rock Island and Peoria Railway Co.*

v. *Dimick,* 144 id. 628; *German-American Nat. Bank* v. *Martin,* 277 id. 629; *Moore* v. *Machinery Sales Co.* 297 id. 564). In *Nelson* v. *Joshel,* 305 Ill. 420, at page 426, this court said: "While the purchaser is bound to inquire by what right the occupant holds possession, the fact of possession is notice of the extent and character of the occupant's claim and of nothing else.—*Munn* v. *Burges,* 70 Ill. 604." The appellant, the grantee in the trust deed in the nature of a mortgage, was required to take notice of the tenant's possession and was bound by the facts respecting the extent and character of its estate which an inquiry into that possession would have developed. Such an inquiry, however, would not have disclosed the assertion by the tenant of any right or interest in the premises other than its estate as the lessee under the lease.

The controversy in this case arises not between the trustee and the tenant, but between the former and the lessor's assignee of the lease and of the rental to accrue by its terms. The assignee, by the assignments, claimed an interest in the demised real property and was charged with knowledge of the statutory requirement that to have such an interest protected against subsequent purchasers and incumbrancers, the assignments should have been recorded. Owing to the failure to record them, an examination of the public records pertaining to the title to the property would not have disclosed their existence. The lessor obviously may not complain that the trustee omitted to make inquiry of the lessee, because the lessor, who had made the assignments, failed, as mortgagor, to make known their existence when he executed the trust deed. There is neither claim nor proof that the trustee had actual notice of the assignments; the assignee did not protect its interest by filing them for record, and the trustee, therefore, has the right to rely upon section 30 of the act concerning conveyances.

The contention that the necessity for the appointment of a receiver was not established has no merit. The provision of the trust deed that a receiver might be appointed for a default in the payment of taxes, insurance premiums or interest on the prior incumbrance was incorporated in the allegations of the bill of complaint. These defaults were alleged and proved. Moreover, the objection to the appointment of the receiver now made was not urged in the superior court. Such an objection comes too late when it is first presented in a court of review. *Moran* v. *Bowley,* 347 Ill. 148, 165; *Robar* v. *Isham,* 310 id. 585.

The judgment of the Appellate Court is reversed and the decree of the superior court is affirmed.

*Judgment of Appellate Court reversed.*
*Decree of superior court affirmed.*