8930 SOUTH HARLEM, LTD., d/b/a Daniel's Restaurant, Plaintiff-Appellant-Appellee, *v.* ALBERT F. MOORE, a/k/a Fred Moore, Defendant-Appellant-Appellee.—(ROBERT GARBER *et al.*, Defendants-Appellees.)

First District (1st Division)    No. 77-402

Opinion filed May 22, 1978.—Rehearing denied June 26, 1978.

Stuart C. Wallace and Dom J. Rizzi, of Rizzi & Rathsack, both of Chicago, for appellant 8930 South Harlem, Ltd.

Joseph R. Marconi, of Ronald L. Barnard & Assoc., Ltd., of Chicago, for appellee Albert F. Moore.

Block, Levy & Becker, Chartered, of Chicago, for appellees Robert Garber *et al.*

Mr. JUSTICE BUCKLEY delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook County in a dispute concerning a parcel of land that was the subject of two inconsistent conveyances by a single grantor, a sale and a lease executed between the time the contract of sale was signed and the deed under it was delivered.

The trial court found that the vendor was not legally able to lease the land in question, but that the supposed lessee had, by virtue of contacts

with the purchaser of the land, acquired an irrevocable license in it. A judgment consistent with this finding was entered.

On appeal, both lessee and purchaser urge error in this finding and other portions of that judgment.

For reasons stated below, we reverse as to the finding of the trial court concerning the force of the lease in question, but affirm the judgment below in other respects.

The pertinent facts in this case begin with acquisition by Robert Garber of a tract of land measuring 174 feet square at 8930 South Harlem Avenue in the village of Bridgeview. In order to purchase this tract, Garber secured a release from Albert F. Moore of a right of first refusal Moore held over the entire tract by agreeing in writing on August 31, 1973, to sell to Moore a 25-foot strip along the north edge of this tract for $13,500. No date for performance of this agreement was provided. Garber then purchased the entire parcel.

On December 5, 1973, Garber executed a lease, which the trial court found covered the entire 174-foot square parcel, with the predecessor in interest of 8930 S. Harlem, Ltd., plaintiff below. This lease provided that a shell of a restaurant building would be available for the tenant's possession on March 1, 1974, and fixed the term of the lease at 15 years, with an option to renew for an additional five years. The trial court found that at the time of execution of the lease, the lessee was unaware of the contract of sale between Moore and Garber. Neither the contract of sale nor the lease was ever recorded. The lease was assigned, in accordance with its terms, to plaintiff on April 22, 1974.

Meanwhile, Moore sued for specific performance of his contract with Garber. The action was filed December 17, 1973, and was settled May 1, 1974, with an agreement to convey. Garber informed plaintiff of the sale June 2 and delivered a deed to Moore on June 4, 1974. On June 14, Moore recorded this deed, but because the land in question was in Torrens, this was an improper procedure. The correct procedure, registration on the certificate of title to the land, was accomplished on February 17, 1976.

Prior to registration, however, a dispute developed between plaintiff and Moore regarding use of the 25-foot strip. Moore erected fences twice, which were subsequently removed, then he erected a guard rail. Plaintiff commenced this action for a declaratory judgment, an injunction and damages against Moore and Garber on October 7, 1975. Moore counterclaimed and cross-claimed against Garber. The registrar of titles was later joined by plaintiff, as a party defendant, the relief sought being registration of plaintiff's lease.

The trial court found that plaintiff had obtained some rights in the disputed land by virtue of the lease, but that these rights were in some manner affected by the prior contract of sale between Moore and Garber.

The court found, however, that plaintiff had acquired an irrevocable license in the subject property by virtue of contacts with the purchaser, Moore. The duration of this license was fixed at 7½ years, but it was determined that the license would terminate earlier if plaintiff's lease on the remaining portion of the 174-foot square parcel were terminated. Both the license and lease were ordered registered and punitive damages sought by plaintiff and Moore were denied. Garber was ordered to pay $1,140 to plaintiff and $2,460 to Moore, amounts representing rents he had received, and no actual damages on any other basis were allowed.

On appeal, plaintiff urges that the trial court erred in finding that the lease did not survive the conveyance to Moore, or alternatively that the license or easement obtained by plaintiff should be of the same duration as its lease on the adjoining land. Moore, on the other hand, urges error in the finding that there was a license and in denial to him of actual damages for plaintiff's trespass. Both Moore and plaintiff appeal the denial of punitive damages. Garber urges affirmance of the denial of punitive damages.

The central issue in this case is whether a lease made during the executory interval in a contract of sale survives the conveyance of title under such a contract where neither the lessee nor the purchaser is aware of the interest the other had obtained from their common grantor.

No case has come to the attention of this court dealing with this precise question, but there is ample authority in this State and others to supply a clear answer.

■■ Although a lease is a contract, it is also a conveyance of an estate in real property (*Pierce v. Pierce* (1953), 351 Ill. App. 336, 340, 115 N.E.2d 107, 109, *aff'd* (1954), 4 Ill. 2d 497, 123 N.E.2d 511), which becomes binding as between the parties at the time of its delivery and acceptance (*Sinclair v. Sinclair* (1922), 224 Ill. App. 130, 136-38) whether or not it is recorded (*Bullard v. Turner* (1934), 357 Ill. 279, 284, 192 N.E. 223, 225). Accordingly, plaintiff's lease became binding upon Garber at the time of its execution and delivery, December 17, 1973.

■■ In contrast, a contract of sale is distinguishable from a conveyance of land (see *In re Estate of Frayser* (1948), 401 Ill. 364, 373, 82 N.E.2d 633, 638), and until title is transferred, it remains an executory contract (*Barnett v. Meisterling* (1927), 327 Ill. 564, 570, 158 N.E. 806, 808), and under such a contract the vendor retains legal title (*Langlois v. Stewart* (1895), 156 Ill. 609, 612, 41 N.E. 177, 178; *Smith v. Smith* (1930), 340 Ill. 34, 38-39, 172 N.E. 32, 34). So long as legal title remains in the vendor, it may be conveyed by him, and such a conveyance will pass all his right in the land. *Davis v. Glendinning* (1924), 232 Ill. App. 583, 587.

Accordingly, when Garber executed and delivered the lease to plaintiff, he granted to plaintiff a legal estate for years.

■■   The effectiveness of this legal conveyance is not disturbed in equity because, although the doctrine of equitable conversion holds that a vendee under an executory contract of sale obtains equitable title to the land in question (*Shay v. Penrose* (1962), 25 Ill. 2d 447, 449, 185 N.E.2d 218, 220), a subsequent purchaser for value who acquires legal title without actual or constructive notice of a prior equity takes free of any outstanding equitable interests. *Robbins v. Moore* (1889), 129 Ill. 30, 43, 21 N.E. 934, 938; *Petta v. Host* (1953), 1 Ill. 2d 293, 303-04, 115 N.E.2d 881, 887.

■■■   The fact that the land in question was subject to the torrens act does not dictate a different result. Although the act provides that a lease for more than five years shall not be regarded as completed until it is registered (Ill. Rev. Stat. 1975, ch. 30, par. 98), otherwise completed conveyances need not be treated as mere executory contracts (*Kostelny v. Peterson* (1960), 19 Ill. 2d 480, 484, 167 N.E.2d 203, 205), and the act must be construed in accordance with the established law of property (*Klouda v. Pechousek* (1953), 414 Ill. 75, 86, 110 N.E.2d 258, 265). Accordingly, as between plaintiff and Moore, plaintiff's lease will prevail over Moore's executory contract of sale.

■■   Finally, Moore's eventual registration of his interest cannot have the effect he urges of destroying plaintiff's rights. The purpose of registration under the torrens act is to provide protection to subsequent purchasers (*Echols v. Olsen* (1976), 63 Ill. 2d 270, 277, 347 N.E.2d 720, 723), and nothing in the act (Ill. Rev. Stat. 1975, ch. 30, pars. 45 through 149) indicates that registration is to operate to the benefit of the registering party by destroying the unregistered interest of another party. On the contrary, the act provides that interested parties may petition a circuit court to determine the proper registration to be made either before or after a decision by the registrar. (Ill. Rev. Stat. 1975, ch. 30, pars. 130, 131.) To accept Moore's reasoning would empower the registrar to pre-empt the very proceedings that have been established to determine what action he should take, and this argument must be rejected.

Accordingly, the judgment below is reversed as to the finding that plaintiff's lease did not survive the conveyance of the subject land to Moore, as to the finding that plaintiff had acquired a license in that land and as to the order that such a license be registered.

The issue of compensatory damages as between Garber and Moore has not been raised on appeal and may be deemed waived by this court, but this court remains free to consider this matter to the extent it finds appropriate. *Century Display Manufacturing Corp. v. D. R. Wager Construction Co.* (1977), 46 Ill. App. 3d 643, 649, 360 N.E.2d 1346, 1352; Supreme Court Rule 341(e)(7), 58 Ill. 2d R.341(e)(7).

■■   In the present case it is sufficient to note that Moore, as purchaser of

the reversion in the subject land, is entitled to unaccrued rents because they are incidents to a reversion and follow the land and pass with a sale or devise of land. (*Lipschultz v. Robertson* (1950), 407 Ill. 470, 474, 95 N.E.2d 357, 359.) The following schedule of rents was adopted by the trial court and has not been appealed by the parties, so with the exception of attending language relating this schedule to a license, it remains applicable:

| | |
|---|---|
| 12/1/76 to 11/30/77 | $120.00 per month |
| 12/1/77 to 11/30/78 | $132.00 per month |
| 12/1/78 to 11/30/79 | $145.20 per month |
| 12/1/79 to 11/30/80 | $159.72 per month |
| 12/1/80 to 11/30/81 | $175.69 per month |
| 12/1/81 to 2/28/89 | $175.69 per month |

■■ In view of plaintiff's possessory rights by virtue of the leasehold obtained from Garber, Moore's claim for damages based on alleged trespass by plaintiff is without merit.

■■ As to the issue of punitive damages, in view of the confusion surrounding the land in question, the trial court's denial of such damages appears to be well within that court's discretion. See *Zokoych v. Spalding* (1976), 36 Ill. App. 3d 654, 671, 344 N.E.2d 805, 818; *Wabash St. Louis & Pacific Ry. Co. v. Rector* (1882), 104 Ill. 296, 304.

For the foregoing reasons the judgment of the trial court is affirmed except as herein expressly reversed.

Affirmed in part, reversed in part.

McGLOON and O'CONNOR, JJ., concur.