In re Harold R. ADOLPHSEN and Carolyn J. Adolphsen, individually and as officers and shareholders of International Hawaiian Inns, Inc., d/b/a Hopkins House, Debtors.

ALL–AMERICAN LIFE AND CASUALTY COMPANY and Great National Life Company, Plaintiff,

v.

Harold R. ADOLPHSEN and Carolyn J. Adolphsen, Defendants.

Bankruptcy Nos. 3–83–29, 3–83–80.
Adv. Nos. 83–0126, 83–0127.
Civ. Nos. 3–83–887, 3–83–938 and 3–83–913.

United States District Court,
D. Minnesota,
Third Division.

Oct. 31, 1983.

Howard S. Myers, Richard N. Soskin, Minneapolis, Minn., for All-American.

Donald L. Burke, James H. Gilbert, Minneapolis, Minn., for Adolphsens.

MEMORANDUM AND ORDER

RENNER, District Judge.

This matter comes before the Court on an appeal from an order of the Bankruptcy Court denying the request of All-American Life and Casualty Company and Great National Life Company (All-American) for relief from the automatic stay under 11 U.S.C. §§ 362(a), 362(d).

Howard S. Meyers, Esq. and Richard N. Soskin, Esq. appeared for All-American. Donald L. Burke, Esq. and James H. Gilbert, Esq. appeared for Harold R. and Carolyn J. Adolphsen. Edward Bergquist appeared for International Hawaiian Inns, Inc.

The issue on appeal is whether a contract for deed between All-American and the Adolphsens is an executory contract within the meaning of 11 U.S.C. § 365. In his well-reasoned opinion, the Bankruptcy Judge determined that it is not. This Court agrees.

Legislative history of § 365 indicates that the term "executory contract" refers to a contract on which some performance remains due on both sides. The legislative history noted that an example of a non-executory contract is a promissory note. H.Rep. No. 95–595, 95th Cong., 1st Sess. 374 (1977) and S.Rep. No. 95–989, 95th Cong., 2nd Sess. 58 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. The lender is only awaiting repayment. The

same is true of a contract for deed; the contract vendor merely holds title as security for payment, just as a lender holds a note.[1]

■ Appellants argue that under § 365(i) a contract for deed is executory. However, § 365(i) protects a non-debtor vendee from a vendor-debtor who rejects an executory contract for the sale of real property. Moreover, a contract for deed is not a contract for the sale of real property. It is a financing arrangement for a sale which has already occurred.[2]

All-American argues that this court must accept the Countryman definition of an "executory contract" since the Eighth Circuit has adopted that definition in cases such as *Jenson v. Continental Financial Corp.*, 591 F.2d 477 (8th Cir.1979) and *In Re Knutson*, 563 F.2d 916 (8th Cir.1977). However, it is inappropriate to apply a generalized rule such as in Countryman to all situations. This is particularly true in the situation where the debtor is the vendee on a contract for deed.[3] To hold otherwise would be inconsistent with the code's underlying policies of "benefit to the estate" and "rehabilitation".

Other courts also have recognized the limitations of the Countryman definition. *See e.g., In re Gladding Corp.*, 22 B.R. 632 (Bkrtcy.Mass.1982); *In re Booth*, 19 B.R. 53 (Bkrtcy.Utah 1982).

The court in *In re Booth* wrote a detailed opinion, in which it held that where a debtor is a vendee of a contract for deed, the contract is not executory; that in such a case the contract for deed benefits the estate more when viewed as a lien than as an executory contract. First, by treating the contract for deed as a lien the value of the estate is enlarged. Second, it furthered the rehabilitation of the debtor. Finally, it provided adequate protection for all credi-

tors. This court finds the reasoning in *In re Booth* persuasive.

Based upon the foregoing the record and briefs of counsel, IT IS HEREBY ORDERED that the order of the Bankruptcy Court denying All-American's request for relief from the automatic stay under 11 U.S.C. § 362 is affirmed.

---

1. *See e.g., Nichols v. L & O, Inc.,* 293 Minn. 17, 196 N.W.2d 465 (1972).

2. *See e.g., Tysk v. Griggs,* 253 Minn. 86, 91 N.W.2d 127 (1958).

3. Prof. Countryman defines an executory contract as:

[A] contract under which the obligation of both the bankrupt and the other party to the contract are so unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other.

Countryman, Executory Contracts in Bankruptcy: Part I, 57 Minn.L.Rev. 439, 460 (1973).