## In re Robert E. THURMOND and Marile J. Thurmond, both dba Best Western Country Squire Inn; both fdba Best Western Country Kitchen Motel; House on the Hill, Debtors.

### EUGENE SQUIRE MOTEL, a partnership, et al., Appellants,

v.

### Robert E. THURMOND and Marile J. Thurmond, Appellees.

Civ. No. 83–1972–BE.

Bankruptcy No. 683–07538.

United States District Court,
D. Oregon.

Jan. 22, 1985.

See also Bkrtcy., 41 BR 464.

George I. Hansen, P.C., Portland, Or., for Eugene Squire Motel.

Keith Y. Boyd, McGavic & Boyd, P.C., Eugene, Or., for Robert/Marile Thurmond.

## ORDER

BELLONI, District Judge.

The issue before this court is whether a certain land sale contract was executory under 11 U.S.C. § 365. Appellants maintain that the Bankruptcy Court erred in finding that the contract was not executory; appellees seek to have the Bankruptcy Court's decision upheld.

Appellees entered into a land sale contract to purchase the Best Western Country Squire Inn, a motel in Eugene, Oregon. Appellees made a $50,000 cash downpayment; $200,000 was to be paid under terms of a promissory note secured by a mortgage on other property; and $1,400,000 if payable in installments with interest. The appellants, the vendors of the property, are still responsible for two underlying debts, and by the terms of the land sale contract must transfer title of the property once appellees have met all their obligations under the contract.

On May 20, 1983, appellees filed a voluntary joint motion for protection under Chapter 11. Appellees remain in possession of the motel. The parties have agreed that if the land contract is found to be executory within the meaning of 11 U.S.C. § 365, the appellees must either assume or reject the contract. The Bankruptcy Court found that the debtors' opportunity for a successful rehabilitation would be enhanced if they were not forced to assume or reject the contract. The Bankruptcy Court also found that the sellers would have an opportunity to request adequate protection, placing them on an equal footing with other secured creditors. These findings are supported by the evidence in the record. *See In re Ellsworth,* 722 F.2d 1448, 1450 (9th Cir., 1984).

This court also agrees with the Bankruptcy Court's conclusions of law. The Countryman definition of "executory" should not be automatically applied to every contract interpreted under 11 U.S.C. § 365. *In re Booth,* 19 B.R. 53 (Bkrtcy.D. Utah 1982). The contract at issue here must be reviewed in light of the policies of benefiting the estate, encouraging the debtors' rehabilitation, and providing adequate protection for estate's creditors. In the present case, the contract should be treated as a lien.

The decision of the Bankruptcy Court is affirmed.

IT IS SO ORDERED.