**In re R. William BERTELSEN, Debtor.**

**Bankruptcy No. 86–80489.**

United States Bankruptcy Court, C.D. Illinois.

Oct. 8, 1986.

Leanna L. Karnopp, Gregg N. Grimsley, Vonachen, Cation, Lawless, Trager & Slevin, Peoria, Ill., for Kuberski.

Barry M. Barash, Barash, Stoerzbach & Henson, Galesburg, Ill., for Bertelsen.

## OPINION AND ORDER

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

On July 1, 1976, Alex and Margaret Kuberski ("Kuberski") sold an 80 acre tract of real estate in Warren County, Illinois, to William Bertelsen, the Debtor, ("Bertelsen") through a contract for deed. The contract fixed the purchase price at $128,000.00. Under the terms of the contract, payment was to be made by a down payment of $2,500.00, a payment of $17,500.00 on March 1, 1977, and annual payments of $12,000.00 beginning on March 1, 1978, until March 1, 1987, when the remaining balance became due. The contract provided for interest at the rate of 7% annually. The agreement further specified that a warranty deed would be placed in escrow. All scheduled payments were made on the contract through March 1, 1985.

On February 24, 1986, Bertelsen filed a voluntary petition under Chapter 11 of the Bankruptcy Code. His schedules list the real estate as having a fair market value of $80,000.00. The payment due March 1, 1986, was not made and the balance due

Kuberski is $62,446.48. Kuberski filed a motion to compel acceptance of the contract and for adequate protection or, alternatively, to compel rejection of the contract and for relief from the automatic stay. The Debtor opposed the motion, contending that an Illinois land contract is not an executory contract within the meaning of Section 365 of the Bankruptcy Code.

The Code itself does not define an executory contract. Of the omission the legislative history provides:

"[T]hough there is no precise definition of what contracts are executory, it generally includes contracts on which performance remains due to some extent on both sides." H.R.Rep. No. 595, 95th Cong., 1st Sess. 347 (1977) and S.Rep. No. 989, 95th Cong., 2d Sess. 58, reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5844, 5963, 6303.

The Code has been interpreted as embodying the oft-cited "Countryman" definition of an executory contract as "a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." Countryman, Executory Contracts in Bankruptcy, Part I, 57 Minn.L.Rev. 439, 460 (1973).

The issue of whether a land sales contract is an executory contract which must be assumed or rejected by the debtor has generated considerable litigation. Many courts have concluded that land contracts are not executory contracts, but are security devices similar to mortgages. *See, e.g., In re Rehbein,* 60 B.R. 436 (9th Cir. BAP 1986); *In re Thurmond,* 46 B.R. 723 (D.Ore. 1985); *In re Adolphsen,* 38 B.R. 776 (Bkrtcy.D.Minn.1983), aff'd. 38 B.R. 780 (D.Minn.1983); *In re Britton,* 43 B.R. 605 (Bkrtcy.E.D.Mich.1984); *In re Cox,* 28 B.R. 588 (Bkrtcy.D.Idaho 1983); *In re Booth,* 19 B.R. 53 (Bkrtcy.D.Utah 1982). Courts have consistently held that security agreements do not come within the scope of Section 365 and debtors therefore cannot be compelled to assume them according to their terms or

reject them. *In re Pacific Exp., Inc.*, 780 F.2d 1482 (9th Cir.1986).

The case of *In re Booth, supra,* contains a detailed and thorough analysis of the issue. The court in *Booth* looked to the policy underlying Section 365 and concluded that, where the debtor is a purchaser under a land contract, viewing the contract as a lien rather than an executory contract enlarges the value of the estate and furthers the rehabilitation of the debtor. The Court explained:

"If the contract for deed is viewed as an executory contract, it may be assumed or rejected, but if assumed, it must be taken *cum onere,* that is, debtor must take the contract as written, with its benefits and burdens.

In practical terms this means that, absent assumption of the contract, vendor may enforce his remedy of forfeiture. Vendor, although in substance a mortgagee, may receive an advantage over other lienors, and the estate may be deprived of whatever equity exists in the property. The bankruptcy court, as a court of equity, regards substance over form, demands equality of treatment among creditors, and loathes a forfeiture. The contract should be treated as a lien; the vendor is thereby placed on a par with other lienors; forfeiture and the loss of equity are prevented.
. . . .

Executory contracts should be handled to 'assist in the debtor's rehabilitation'. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 348 (1977), U.S.Code Cong. & Admin.News, p. 6304. If the contract is executory, and if it is assumed during the interim between petition and plan, defaults must be cured, damages must be paid, and adequate assurance of performance must be given, all as costs of administration. If the contract is as-

sumed in a plan, the same conditions must be satisfied with the accumulated costs of administration payable on the effective date of the plan. . . .

If the contract is a lien, assumption is irrelevant, and no administrative costs are incurred. Instead of taking the contract *cum onere,* the lien may be 'dealt with' in the plan, *viz.* by scaling down the debt, reducing the interest rate, and extending maturities. . . .

Debtor, like most dealers in the contract for deed, uses that instrument because other financing is unavailable. . . . Treating the contract as a lien thus allows more latitude in proposing a plan and thereby furthers the rehabilitation of the debtor." 19 B.R. 53, 58–61. (Footnotes omitted.)

The court in *Booth* also pointed out that the vendor, holding title to the property, was adequately protected and thus a proper balance was struck between the vendor, other creditors, and the estate.

Other courts, applying the Countryman definition in a rigid fashion, have held that a land contract is an executory contract because substantial performance remains on both sides—the obligation of the buyer to pay the purchase price and the obligation of the seller to deliver title. *See, e.g., Shaw v. Dawson,* 48 B.R. 857 (D. N.M.1985); *In re Speck,* 50 B.R. 307 (Bkrtcy.D.S.D.1985), aff'd *Speck v. First Nat. Bank of Sioux Falls,* 62 B.R. 61 (D.S. D.1985); *In re Anderson,* 36 B.R. 120 (Bkrtcy.D.Hawaii 1973). Although the court in *Shaw v. Dawson, supra* characterized the court's analysis in *Booth* as compelling, it criticized the court for failing to apply the normal rules of statutory interpretation. Subsection (i)(1) of Section 365 governs the rights of purchasers under land contracts where the debtor is the seller.[1] Rejecting the argument that Section

---

**1.** That section provides that if a trustee rejects a contract for the sale of real property, the purchaser may either remain in possession or treat the contract as terminated. Where the purchaser elects to remain in possession, he must continue to make the contract payments, but may offset any damages accruing after rejection.

Upon completion of the payments, the trustee is required to deliver title but is relieved of all other contractual obligations. If the purchaser terminates the contract or is not in possession, he has a lien on the property to the extent of the purchase price paid.

365(i)(1) necessarily means that land contracts are executory contracts, the court in *Booth* stated:

"[This] argument founders, however, on at least two shoals. First, treatment of the contract for deed as an executory contract, where debtor is vendee, ignores the reasons for enacting Sections 365(i) and 365(j). They were passed to give nondebtor vendees the protection of mortgagors. Viewing the contract for deed as a lien, where debtor is vendee, therefore is consistent with the spirit of these provisions. Second, consistency in terminology, that is treating contracts for deed as executory contracts under Section 365 in every instance, favors nondebtor vendees over debtor vendees and debtor vendors over debtor vendees in bankruptcy. Particularized treatment of the contract for deed is necessary to avoid these consequences."

Aside from policy considerations, those courts holding that land contracts are executory contracts have determined that under applicable state law, a land contract was not treated as a mortgage. Under Illinois law, upon the execution of a valid, enforceable contract for the sale of real estate, the vendee "becomes the equitable owner of the real estate and only holds the purchase money as trustee for the vendor. At the same time the vendor becomes the trustee of the legal title to the real estate for the vendee with a lien on the land as security for the purchase money." *Kindred v. Boalbey*, 73 Ill.App.3d 37, 29 Ill.Dec. 77, 391 N.E.2d 236 (3d Dist.1979), *citing Shay v. Penrose*, (1962), 25 Ill.2d 447, 185 N.E.2d 218. Thus, an Illinois land contract is in the nature of a secured transaction.[2]

The bankruptcy court in *In re Britton*, 43 B.R. 605 (Bkrtcy.E.D.Mich.1985), reached a similar result in interpreting Michigan law. Noting that the question of whether a purchaser under a Michigan land contract was a "secured" or "unsecured" party had not been squarely resolved, the court concluded the vendor retained title as a lien on the property to secure payment of the purchase price.[3] The court concurred with the reasoning of the *Booth* court and held that the land contract was not an executory contract. Likewise, this Court is persuaded by the reasoning of the court in *In re Booth*.

Moreover, this Court is in agreement with the recent Ninth Circuit Bankruptcy Appellate Panel decision of *In re Rehbein*, 60 B.R. 436 (9th Cir. BAP 1986) wherein the court held that a contract for deed was not executory where the deed was placed in escrow prior to the commencement of the bankruptcy case, stating:

"Contracts for Deeds are merely a financing arrangement for a sale which has already occurred. The vendor re-

---

**2.** Kuberski relies on *Budelman v. American Ins. Co.*, 297 Ill. 222 (1921) wherein the Illinois Supreme Court labeled a contract for deed as "executory" and stated that a vendee under such a contract does not acquire equitable title until completion of performance. In view of *Shay v. Penrose*, cited above, the court's statement in *Budelman* does not accurately reflect the law. In any event, characterizations of land sales contracts as "executory" contracts by Illinois courts are not determinative for purposes of Section 365. *See, In re Booth*, 19 B.R. 53, 62 n. 20. For instance, the case of *8930 South Harlem, Ltd. v. Moore*, 61 Ill.App.3d 293, 377 N.E.2d 1049 (1978), aff'd in part, rev'd in part, 77 Ill.2d 212, 18 Ill.Dec. 413, 396 N.E.2d 1 (1979), involved the question of whether a lease prevailed over a deed where the contract of sale was entered into prior to the execution of the lease. Although the Appellate Court acknowledged the doctrine of equitable conversion and thus that the purchaser acquired equitable title under the

sales contract, it stated that until legal title was transferred the contract of sale remained "executory" and a conveyance by the vendor would pass all his rights in the land. A characterization of the contract as "executory" in that context has little import on a determination of the nature of the relationship of the purchaser vis-a-vis the vendor.

**3.** The court quoted from a decision of the Michigan Supreme Court wherein the court stated:

"It is well settled in this state that the vendee in a land contract is vested with the equitable title in the land, and that the *legal title* remains in the vendor and *is held as security for the payment of the purchase price* of the land, upon the payment of which the vendee is entitled to a conveyance of the legal title." *Barker v. Klingler*, 302 Mich. 282, 4 N.W.2d 596 (1942).

tains legal title only as security for the price. Since the deed was placed in escrow prior to the commencement of bankruptcy proceedings, the Debtor had fully performed. As a practical matter, the vendor performs no duties after the execution and deposit of title documents with the escrow agent. The vendor cannot terminate the agreement and recover possession of the property unless there is a material breach by the buyer. (Cite omitted) Unless a contract is executory on both sides, it cannot be an executory contract." 60 B.R. 436, 440–41.

Therefore, IT IS ORDERED that Kuberski's motion to compel the Debtor to accept or reject the contract for warranty deed is DENIED. Having determined that the agreement for deed between Kuberski and the Debtor is not an executory contract, a hearing will be held on notice issued by the Court for the purpose of determining whether Kuberski is entitled to relief from the automatic stay and/or adequate protection.

This Opinion and Order is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.