HEANEY, Circuit Judge,
 

 dissenting.
 

 I respectfully dissent from the Court’s denial of a rehearing en banc. In my view, the panel opinion reads
 
 Johnson v. First Bank of Montevideo,
 
 719 F.2d 270 (8th Cir.1983),
 
 cert. denied,
 
 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984), far too broadly and in so doing denies debtors specific protections that may be available under the Bankruptcy Code.
 

 In
 
 Johnson,
 
 this Court recognized that although the law of the state in which property is situated normally governs the rights of parties in property, where Congress has chosen to exercise its authority under article I, section 8 of the United States Constitution to establish uniform bankruptcy laws, contrary provisions of state law must give way.
 
 Johnson,
 
 719 F.2d at 273-74 (citing
 
 Butner v. United States,
 
 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed. 2d 136 (1979)).
 

 Full consideration of the many complex issues a bankruptcy case may present can
 
 *992
 
 not occur instantaneously. If a party is entitled to relief under a specific provision of the bankruptcy code, it should not be prejudiced by the fact that a state deadline has passed. The
 
 Johnson,
 
 case does not hold that all state property rights are inviolate and unalterable under the Bankruptcy Code. Indeed, much of the Bankruptcy Code involves alteration of existing state created property rights. The
 
 Johnson
 
 case and the panel opinion in this case recognize this fact by holding that 11 U.S.C. § 108(b) works to suspend applicable state law.
 
 [1]
 
 I do not believe that 11 U.S.C. § 108(b) is the only section of the Bankruptcy Code which may conflict with, and therefore suspend, the running of a state statutory redemption period.
 

 Johnson
 
 holds that 11 U.S.C. § 105 and 362 do not generally provide an adequate statutory basis to support a stay of a state statutory exemption period.
 
 [2]
 
 In my view, however, it is incorrect to read
 
 Johnson,
 
 in a manner that allows a state redemption statute to effectively moot a case while it is still being considered by the bankruptcy court. If the bankruptcy court determines that specific relief is available to a debtor, the fact that a state law redemption period may expire, should not be allowed to frustrate such relief.
 
 [3]
 

 The short time provided by the cancellation statute at issue in this case heightens the problem caused by a broad reading of
 
 Johnson.
 
 Under the panel opinion, had the Maanums filed for bankruptcy before receiving the notice of cancellation the Rief-fers would presumably have been enjoined from taking action to cancel the contract and the bankruptcy process would have run its course. Instead, because the Rieffers served the notice before the Maanums filed for bankruptcy, the Maanums will, for all practical purposes, be denied any meaningful relief to which they may have been entitled under the Bankruptcy Code.
 
 [4]
 

 
 *993
 
 The result reached by the panel opinion therefore discourages calm and thoughtful negotiations between a creditor and troubled debtor. Instead, it encourages debtors to file for bankruptcy and creditors to serve cancellation notices at the slightest hint of trouble. The Bankruptcy Code, if interpreted to afford debtors the right to substantive relief in it, would avoid such a result. Accordingly, I dissent.
 

 ORDER
 

 The mandate of this Court is recalled as being improvidently issued. Appellants’ request for rehearing by the panel is denied; rehearing en banc was denied on February 8,1988.
 

 Appellants’ motion to stay the issuance of the mandate pending application to the Supreme Court for a writ of certiorari is denied. The mandate will re-issue in due course.
 

 [1]
 

 . In my view, section 108(b) must be read in the context of the entire Bankruptcy Code and in light of its purpose. The purpose of section 108 is obviously to give the trustee time to do those things the debtor neglected or was unable to do in order to preserve the estate.
 
 In re G-N Partners,
 
 48 B.R. 462, (Bkrtcy.Minn.1985). There is simply no reason to conclude that section 108 is intended to prohibit the filing, within the applicable time period, of a plan of reorganization that provides for the curing of a default as allowed by the Bankruptcy Code.
 
 Cf. In re Roach,
 
 824 F.2d 1370, 1373 (3rd Cir.1987);
 
 In re Taddeo,
 
 685 F.2d 24, 27 (2d Cir.1982).
 

 [2]
 

 .
 
 lohnson
 
 also does not support the holding in this case because a state redemption statute is not at issue. It is important to note that Minnesota has provided a statutory redemption period only for real estate transactions involving a mortgage.
 
 See
 
 Minn.Stat. § 580.23. The statute applicable to a default on a contract for the sale of real property provides for no such redemption period. Instead, it only requires that the vendee be notified that on a certain date provided by the statute, the contract will terminate. Although functionally equivalent in the sense that under either approach the debtor is afforded a period of time in which to cure conditions of default, the difference in the interest retained by the debtor may have an impact on the eventual administration of the estate.
 
 Cf. In re Speck,
 
 798 F.2d 279 (8th Cir.1986) (holding that, under South Dakota law, interest retained by the debtor after notice of cancellation is an executory contract subject to 11 U.S.C. § 365);
 
 In re Adolphsen,
 
 38 B.R. 780 (D.Minn.1983) (holding that, under Minnesota law, where debt- or is a vendee under a contract for deed, contract is in the nature of a lien and not an executory contract).
 

 [3]
 

 . This view is not inconsistent with
 
 lohnson.
 
 In
 
 lohnson,
 
 the debtor filed a petition for reorganization and an adversary complaint alleging that he had substantial equity in the property and requesting that the statutory redemption period be stayed. The debtor estimated the value of the mortgaged property at $2,720,000 and encumbrances on the property at $2,043,000. The bankruptcy court found that an exigency existed and stayed the running of the redemption period. The district court affirmed the bankruptcy court. The lower courts in
 
 lohnson
 
 never reached the issue whether any plan submitted by the debtor was confirmable.
 

 This Court, therefore, was never in a position to consider whether the running of the state statutory redemption period would deprive the debtors of a specific substantive right granted by the Bankruptcy Code other than the right to a stay. Instead, this Court held that the automatic stay provisions of 11 U.S.C. § 362 and the general equitable authority of the bankruptcy courts found in 11 U.S.C. § 105 do not generally provide a sufficient basis to toll the running of a redemption period.
 

 [4]
 

 . According to many courts that have addressed the issue, that relief includes the right to propose a plan that would "de-accelerate” the debt and reinstate the original payment schedule.
 

 
 *993
 

 See, e.g., In Re Roach,
 
 824 F.2d 1370, 1373 (3rd Cir.1987) (stating, "Thus far, each court of appeals that has decided whether a home mortgage defualt may be cured after contractual acceleration of the full mortgage debt has provided an affirmative answer.”);
 
 In re Taddeo,
 
 685 F.2d 24, 27 (2d Cir.1982) (holding that the right to cure a default granted in the Bankruptcy Code allows the debtor to “de-accelerate” the debt and return to pre-default conditions).