(No. 12457.—Reversed and remanded.)

CARRIE BUCHHAUSER *et al.* Appellants, *vs.* ALBERT B.
YUDELSON, Appellee.

*Opinion filed February 20, 1919.*

1. SPECIFIC PERFORMANCE—*when the fact that insurance poli-
cies were not assigned is no defense.* The fact that insurance poli-
cies tendered to the proposed purchaser of land were not formally
assigned is no defense to an action for specific performance, where
the other parties were ready to make the assignment and the de-
fendant did not refuse to perform on that ground but only on the
ground that he must see his attorney.

2. SAME—*when party must carry out contract to purchase.* A
party who in his own name signs a contract to purchase real prop-
erty must carry out·his part of the agreement where the vendors
tender a title free from incumbrance and other papers in accord-
ance with the terms of the contract, although the purchase of the
property was to be for the .benefit of a corporation, in which the
purchaser was only a stockholder.

3. SAME—*when person to whom deed is to be made is not un-
certain.* The fact that a contract provides that the deed shall be
made to the purchaser or such person, persons or company as the
purchaser may in writing request, does not render uncertain the
person to whom the deed is to be made, as the purchaser is the
proper grantee if he fails to appoint another.

APPEAL from the Circuit Court of Cook county; the
Hon. MERRITT W. PINCKNEY, Judge, presiding.

J. M. CAMELON, for appellants.

ISRAEL COWEN, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Carrie Buchhauser and John Buchhauser, husband and
wife, have appealed from a decree of the circuit court of
Cook county dismissing for want of equity their bill against
Albert B. Yudelson for the specific performance of a con-
tract for the purchase of real estate. The contract, which
was dated September 21, 1916, provided for the conveyance
of the premises to the appellee by a warranty deed for the

consideration of $19,500, of which the appellee paid $1000 cash and agreed to pay $9000 on the delivery of the deed on April 30, 1917, $2500 two years and $7000 five years after such delivery, the two deferred payments to be secured by notes and a mortgage of the premises. It was provided that the vendors should execute the deed to such person, persons or company as the purchaser might in writing request upon full performance by the purchaser of the contract, and that existing leases and fire insurance were to be duly assigned to the purchaser, the rents and premiums to be adjusted *pro rata* as of the date of the delivery of the deed. The vendors, as required by the contract, furnished an abstract showing title in Carrie Buchhauser, subject to a trust deed for $2000 which was past due, the taxes for 1915 and 1916, and a special assessment, subject to which the contract provided the deed was to be made. On April 30, 1917, the appellant John Buchhauser and his attorney, with John Kasch, the owner of the note secured by the trust deed, and Joseph Bonnefoi, his (Kasch's) attorney, who was also the trustee in the trust deed, went to the office of the appellee. The appellants had executed a warranty deed to the appellee for the premises, subject to the special assessment which has been mentioned and the taxes levied after 1916, which was in accordance with the terms of the contract. Bonnefoi had with him the note and trust deed, with a release of the latter which he had executed, the abstract and fire insurance policies. The appellants' attorney, besides their deed, had a tax receipt for the general taxes, and all these instruments were tendered to the appellee there, with the request that he pay the sum of $9000 which was then due and execute the mortgage in accordance with the contract. The appellee refused to take any of the papers, saying he would have to see his attorney and it would depend upon what he said, and then left.

The appellee insists that the bill was properly dismissed because the evidence does not show an assignment of the

policies of insurance to the appellee. It appears that two policies of insurance were there, and the appellants endeavored to show that assignments of them had been executed by Carrie Buchhauser and were also tendered, but, as they claimed the assignments had been lost or mislaid and were unable to show such diligence as to admit parol evidence of their contents, they could not make this proof. The policies were there for the purpose of being tendered in performance of the contract. The assignments could have been indorsed on them in a few seconds. The appellee did not refuse performance because the policies were not properly assigned. The parties were there for the purpose of performing the contract, and that objection would have been met instantly. The appellee merely walked away, saying he would have to see his attorney.

The appellee argues, also, that the decree should be affirmed because the appellants did not tender with the release of the mortgage the fee for recording it. Since the appellee then owed the appellants $9000 there seems to be no special equity in the claim to be relieved of his contract to pay it because he was not tendered the trifling fee for recording the release. He could deduct it from the $9000.

The appellee contends that the purchase of the property was for the Delson Knitting Mills, a corporation; that the appellants' attorney was not satisfied to have the corporation sign the contract; that thereupon the appellee signed it, and that therefore it would be unjust to compel the appellee, who was merely interested as a stockholder, to incur this obligation. The statement of this argument refutes it. The appellee incurred the obligation himself because the appellants would not accept the obligation of the corporation, and it is binding on him and not on the corporation, which did not execute the contract.

Another objection of the appellee is based upon the provision of the contract that the vendors should execute the deed to such person, persons or company as the purchaser

might in writing request, upon full performance by the purchaser of the contract. It is contended that full performance includes payment of the notes required to be made. But this construction is not permissible, for the contract provides for a mortgage to secure these notes, which could not be executed until the deed was delivered. The contract provides for the execution of the deed on April 30, 1917, and the purchaser's contract would be performed by the making of the cash payment and the execution of the notes and mortgage. There is no uncertainty as to the person to whom the deed is to be made or who is to execute the notes and mortgage. That person is the appellee or the person, persons or company whom he may in writing appoint.

The contract required the vendors to furnish an abstract of title, and provided that if, upon examination of the abstract, objections were found to the title the vendors should have sixty days in which to cure such objections, and if such objections were not cured within sixty days, then, unless the vendors should within said sixty days furnish the purchaser a guaranty policy of the Chicago Title and Trust Company guaranteeing the purchaser against loss by reason of defects or liens upon the title to said premises at the date of the contract, the earnest money should be refunded and the contract become inoperative. The abstract was furnished and no objection was made to the title of the vendors, which the appellee's attorney found "substantially good in Carrie Buchhauser," subject to the liens of the trust deed, a certain special assessment, the taxes of 1915 and 1916, and to certain possible claims not shown of record which are not material to this controversy. The special assessment was one not due at the date of the contract, to which the deed was to be subject. The trust deed and taxes were merely incumbrances. The appellants paid the taxes and arranged to pay the trust deed with the money they were to receive from the appellee for the premises, and by arrangement with the holder of the trust deed

had a release of it in their possession, ready to be delivered to the appellee at the time of the delivery of the deed and the payment of the purchase money. This was all that was necessary. All the appellee had a right to demand was a title free from incumbrance, and this was tendered him. *Gibson* v. *Brown,* 214 Ill. 330.

The decree will be reversed and the·cause remanded.

*Reversed and remanded.*