In re Herman G. FAHNDERS, a/k/a H. Mike Fahnders, a/k/a Mike Fahnders, and Doris H. Fahnders, Debtors.

Bankruptcy No. 86–81113.

United States Bankruptcy Court,
C.D. Illinois.

Oct. 28, 1986.

Gregg N. Grimsley, Peoria, Ill., for debtors.

H. Wayne Carmichael, Pekin, Ill., for Steiner.

OPINION AND ORDER

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

This matter comes before the Court on the motion of Herman G. Fahnders, a/k/a Mike Fahnders and Doris Fahnders (FAHNDERS), the Debtors, to assume a contract for the sale of real estate and the objection thereto by Richard L. Steiner (STEINER), the purchaser under the contract.

The FAHNDERS, as sellers, entered into a contract dated September 18, 1981, with STEINER for the sale of a 90 acre farm in Tazewell County. The farm was then subject to a blanket mortgage to The Federal Land Bank (LAND BANK). That mortgage also covered an 80–acre tract of land owned by the FAHNDERS. By the terms of the contract, STEINER was to pay the FAHNDERS the sum of $270,000.00 as follows: $10,000.00 upon the signing of the agreement, $40,000.00 on or before February 1, 1982, and annual installments of principal in the amount of $6,600.00 along with accrued interest at the rate equal to the rate payable on the LAND BANK mortgage, beginning on March 1, 1983, and continuing until March 1, 1986, when the entire remaining balance of principal and accrued interest became due. As to the mortgage above referred to, the contract provided:

"It is understood by and between the parties hereto that said premises are subject to a mortgage dated May 1, 1978, to The Federal Land Bank of St. Louis, covering the above described property along with other property, in the principal sum of $240,000.00. Sellers covenant and agree that they will not permit said mortgage to become delinquent and that they will fully pay the same prior to the full performance of this contract by the Buyer. In the event said mortgage becomes delinquent at any time hereafter, the Buyer may, at his option, make payments directly to the mortgage holder, whereupon any such payments shall be considered as payment of the consideration of this contract. Sellers further covenant and agree not to permit the unpaid balance on the mortgage to exceed the unpaid balance on this contract."

The FAHNDERS failed to make the annual installment due in March, 1985, and on January 29, 1986, the LAND BANK by letter notified STEINER of the delinquency and advised him that unless all delinquencies were paid by March 3, 1986, the LAND BANK would institute a foreclosure action. The mortgage owed the LAND BANK amounted to $230,000.00, while the amount STEINER owed under the contract was $200,200.00.

On February 12, 1986, STEINER sent a notice of rescission to FAHNDERS.[1] Stated in the notice as grounds for rescission were both the FAHNDERS' breach of the covenant not to permit the mortgage to become delinquent and their breach of the covenant not to permit the balance due on the mortgage to exceed the balance owed on the contract. In that notice, STEINER also claimed the right to continue in possession and farm the premises for 1986.

The FAHNDERS filed a Chapter 11 bankruptcy petition on April 24, 1986. After negotiations, the LAND BANK agreed to release its mortgage on the contracted premises upon the payment of the amount due the FAHNDERS under the contract. On May 29, 1986, the FAHNDERS filed a motion to assume the contract for the sale of real estate to STEINER under Section 365 of the Bankruptcy Code. STEINER objected to the motion, claiming that the contract had been rescinded on February 12, 1986, and, alternatively that assumption of the contract would be detrimental to the bankruptcy estate. Argument was heard on July 29, 1985, and briefs were filed by the parties.

The first issue to be determined is whether the contract for the sale of the farm was rescinded prior to the filing of the FAHNDERS' bankruptcy petition. STEINER argues that the FAHNDERS' failure to keep the mortgage current and thereby causing the mortgage balance to exceed the balance due on the contract constituted grounds for rescission.

 It is not every breach of a contract that entitles the other party to rescind. The breach must be material, that is, it must be so important that it vitiates or destroys the entire purpose for entering

**1.** The FAHNDERS contend that they did not receive the notice of rescission until March 27, 1986.

into the contract. *Trapkus v. Edstrom's Inc.*, 140 Ill.App.3d 720, 95 Ill.Dec. 119, 489 N.E.2d 340 (3d Dist.1986). Whether a breach is material is a question of degree and determined in light of the circumstances of the case. *C.G. Caster Company v. Regan*, 88 Ill.App.3d 280, 43 Ill.Dec. 422, 410 N.E.2d 422 (1st Dist.1980). However, where a party has a right to rescind but thereafter retains dominion over the property and accepts the benefits therefrom, the right to rescind the contract is lost. *See, Rubinelli v. Envoy Bldg. Corp.*, 264 Ill.App. 94 (1st Dist.1931).

■ This Court need not decide whether the FAHNDERS had materially breached the contract because it is of the opinion that STEINER's continued possession of the farm, albeit as a self-proclaimed tenant, effectively waived his right to rescind the contract. STEINER received the notice of the threat of foreclosure in late January, 1986. He claimed that he had a right to remain in possession because he had incurred "various" expenses in preparation for planting the 1986 crops. No claim is made that the costs were substantial and this Court is not of the view that STEINER's investment was so significant as to justify his continued possession. Although no testimony concerning those expenses was introduced at the hearing, it appears to the Court that they were in the nature of preliminary expenditures made in preparing the ground for the planting of the next year's crop and were not the full expenses associated with putting in and maintaining a crop.

The present case is therefore unlike *Nordstrom v. Miller*, 227 Kan. 59, 605 P.2d 545 (1980), wherein the court rejected the sellers' contention that the purchasers were estopped to rescind the contract because they remained in possession of the land after instituting a suit for rescission, stating:

"Their continued possession of the real estate was dictated by the circumstances. They had sold their former home as the result of the fraud which induced the contract. Therefore, they had no place to go. While laboring under the mistaken belief they had purchased an irrigated farm, plaintiffs harvested the growing wheat, cut the hay, and planted milo. To say they must walk away from the farm and permit the growing crops to deteriorate, is a tortured, irrational interpretation of the rule. They had the duty to do equity, which in this case, involved preventing waste. This they did commendably and they should not suffer or be punished for their actions. We do not find acts or conduct on the part of plaintiffs that will defeat the remedy of rescission. Plaintiff's demeanor was proper under the circumstances and estoppel will not lie."

This Court concludes that STEINER, by remaining in possession, lost his right to rescind.

■ The next issue to be determined is whether the contract for the sale of real estate is an executory contract within the purview of Section 365 of the Bankruptcy Code. This Court in *In re R. William Bertelsen*, 65 B.R. 654, (1986), held that it is not. In the present case, as in *Bertelsen*, a deed had been placed in escrow prior to the commencement of the bankruptcy case. Accordingly, the contract for the sale of the farm to STEINER is not an executory contract which the FAHNDERS must assume or reject under Section 365.[2]

2. As this Court noted in *Bertelsen*, Section 365(i) and (j) of the Bankruptcy Code deals with the rights of purchasers under land sale contracts where the debtor is the seller. Under these subsections, the vendee is in substance afforded the protection of a mortgagor. Specifically, if a trustee rejects a contract, the purchaser may either remain in possession or treat the contract as terminated. Where the purchaser elects to remain in possession, he must continue to make the contract payments, but may offset any damages accruing after rejection. Upon completion of the payments, the trustee is required to deliver title but is relieved of all other contractual obligations. If the purchaser terminates the contract or is not in possession, he has a lien on the property to the extent of the purchase price paid. This Court is in agreement with the court in *In re Booth*, 19 B.R. 53 (Bkrtcy.D.Utah 1982), that the inclusion of these provisions in the

 

This result renders unnecessary any review of the arguments raised by STEINER on the issue of whether assumption of the contract would benefit the bankruptcy estate.

■ As previously noted, an agreement has been reached with the LAND BANK to release its lien upon receipt of the balloon payment due the FAHNDERS under the contract. That payment was due on March 1, 1986. As a general rule, an undischarged lien upon property subject to a contract for sale does not render title to the property unmarketable where application of funds obtained from the purchaser at closing may be used to discharge the lien. *Kaiser v. Wright*, 629 P.2d 581 (Colo. 1981): *See Buchauser v. Yudelson*, 287 Ill. 138, 122 N.E. 100 (1919). This rule is applied where the amount of the encumbrance is definite, does not exceed the unpaid purchase money due, is presently payable, and its existence is not a matter of doubt or dispute or the situation is not such with respect thereto as to expose the purchaser to litigation. *Kaiser, supra.* All of those factors apply to the present case.[3] Accordingly, because the FAHNDERS will be able to render performance contemporaneously with STEINER, STEINER is not in a position to justifiably rescind the contract on the ground that the FAHNDERS are unable to convey a merchantable title to the property. The real reason for STEINER's reluctance to complete the contract is the marked decline in the value of the real estate. Notwithstanding any prior breach, the FAHNDERS now stand ready and willing to perform the contract.

For the foregoing reasons, IT IS ORDERED that the Motion of the FAHNDERS to assume the contract for the sale of real estate to STEINER is hereby DENIED.

This Opinion and Order is to serve as Findings of Fact and Conclusions of Law

Code does not mandate a conclusion that all land sales contracts are executory.

**3.** This Court recognizes that the amount due on the mortgage exceeds the amount due under the

pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

contract but there has been an offer of compromise which, in effect, brings the case within the rule.