**In re RANCHO CHAMBERINO,**
**INC., Debtor.**

**RANCHO CHAMBERINO,**
**INC., Petitioner,**

v.

**B.F.W. ENTERPRISES, INC.,**
**Respondents.**

**No. EP–87–CA–335.**

United States District Court,
W.D. Texas,
El Paso Division.

Dec. 9, 1987.

Don E. Studdard, El Paso, Tx., El Rancho Chamberino, Inc., for appellant.

Eugene P. Kirk, El Paso, Tx., B.F.W. Enterprises, Inc., for appellee.

## MEMORANDUM OPINION AND ORDER

BUNTON, Chief Judge.

This case is before the Court on appeal from a final order of the United States Bankruptcy Court for the Western District of Texas. 77 B.R. 555. The Court is persuaded that oral argument would not be of material benefit in resolving the issues presented and, therefore, denies the request of Appellant for oral argument.

In passing on this appeal, the Bankruptcy Court's findings of fact will be accepted by this Court unless they are clearly erroneous, and its judgment will be sustained unless based on an incorrect view of applicable law. *Matter of Missionary Baptist Foundation*, 792 F.2d 502, 506 n. 2 (5th Cir.1986); Bankr.Rule 8013. A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. *United States v. United States Gypsum Company*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). The clearly erroneous standard, however, does not inhibit this Court's power to correct errors of law. *In re Missionary Baptist Foundation*, 796 F.2d 752, 756 (5th Cir.1986).

## ISSUE PRESENTED

The instant appeal arises out of a contested matter brought before the United States Bankruptcy Court on a Motion to

Dismiss Chapter 12 Proceedings, or in the Alternative, for an Order Declaring that Executory Contract was not Lawfully Assumed and is not Property of the Estate, or in the Alternative, for Order Requiring Debtor to Cure all Arrearages on Executory Contract. The issue on appeal is whether a contract for deed, in which the Debtor is vendee, is an executory contract within the meaning of Bankruptcy Code Section 365 rather than a mere security device which may be modified in a plan of reorganization.

## FACTUAL BACKGROUND

In February 1982, Mr. Ed. Schmidt contracted to purchase approximately 200 acres of farmland in Chamberino, New Mexico. Simultaneously, with the execution of the Schmidt contract, Mr. C.W. Downs and wife, Nancy S. Downs contracted to purchase approximately 600 acres of ranch land adjoining the farmland tract. In both instances, the seller was Mr. B.F. Whitaker.

Both purchase contracts were denominated "Purchase and Sales Contracts" Following the vendee's down payments in the aggregate sum of $360,000.00, Mr. Whitaker executed warranty deeds and placed the deeds in escrow. Subsequently, Mr. Whitaker assigned his interest in the contracts to B.F.W. Enterprises, Inc., Appellee herein. Similarly, on December 23, 1985 Mr. Schmidt and Mr. and Mrs. Downs assigned their interest in the contracts to Rancho Chamberino, Inc., Debtor and Appellant in these proceedings.

Although Mr. Schmidt, Mr. Downs and Debtor made several annual payments to Mr. Whitaker or his assignee, B.F.W., on March 23, 1987, the Debtor filed Chapter 12 Bankruptcy as a result of the downturn in the national farming economy. B.F.W. subsequently brought an action in the Bankruptcy Court to determine whether the contracts were executory contracts within the meaning of Bankruptcy Code Section 365. The Bankruptcy court ruled that the contracts are executory contracts.

## DISCUSSION

■ Appellant asserts that the Bankruptcy Court erred by applying state law, rather than federal law to determine the instant contracts are executory. Appellant argues that federal policy considerations demand that the contracts at issue be treated as security devices rather than executory contracts. To hold otherwise, Appellant contends would frustrate the objectives of Chapter 12 legislation. The Court disagrees.

The Bankruptcy Court correctly applied state law to determine that the instant contracts are executory contracts. Questions of ownership, as between parties, are questions of state law. The United States Supreme Court stated in *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed. 2d 136 (1979):

> ... Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law ... Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interest should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both state and federal courts within a State serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving "a windfall merely by reason of the happenstance of bankruptcy."

Appellant urges this Court to find that the enactment of the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, Pub.L. 99–554 is an exercise by Congress of its power which should encourage this Court to find an overriding federal interest in the issue at hand and further lead this Court to conclude that where the debtor is a vendee under a contract of deed, that such contract should be determined to be a mortgage which may be modified in a plan of reorganization and not an executory contract which may not be modified, but rather must be assumed or rejected by the Debtor. In reviewing the provisions of

Chapter 12, however, it is clear that Congress did not express this intent.

◼ Prompt cure of defaults under an executory contract, or adequate assurance of prompt cure, are conditions for assumption under 11 U.S.C. Section 365(b). Chapter 3 is made applicable to Chapter 12, under 11 U.S.C. Section 103(a). Moreover, Section 1222(b)(6) specifically provides that the contents of any plan submitted by a family farmer are subject to Section 365 of the Bankruptcy Code. In sum, cure of an executory contract default under Chapter 12 is expressly controlled by 11 U.S.C. Section 1222(b)(6) and 365(b) and (d), and clearly the Bankruptcy Judges, United States Trustees, and Family Farmer Bankrupcy Act of 1986 does not save the economically non-viable farm from the requirements of these statutes.

Appellant has argued that Congress meant to do more for the family farmer than to leave him no respite from a burdensome executory contract. The legislative history for Chapter 12 does not support such a view. Clearly, it would be rewriting the statute to hold otherwise.

Generally, Chapter 12 was a re-casting of Chapter 13, intended as a workable middle way for farmers between the expense of Chapter 11 and the unrealistically low debt limits of Chapter 13. U.S.Code Congressional & Administrative News, 99th Cong. 2d Sess., at 5227, 5249 (1986). No other provisions of Chapter 13 were cited as "inappropriate for family farmers" than these low debt limits, the 15–day plan filing requirement, and the 30–day payment inception requirement. Id. The provisions (in Section 1205) excusing the family farmer from "lost opportunity cost payments" where a secured lender was undercollateralized, were not extended to Section 365 and executory contracts; Section 1222(b)(6) was left intact, from its Chapter 13 form, to govern prompt cure and adequate assurance upon assumption. The family farmer's alternative of "paying reasonable market rent" under Section 1205, likewise relates only to Code Sections 362, 363, and 364. See U.S.Code Congressional & Administrative News, 99th Cong.2d Sess., at 5250.

The Appellant urges the Court to follow the rationale of *In re Booth*, 19 B.R. 53 (Bankr.Utah 1982) which argues that a land sale contract should not be considered an executory contract under 11 U.S.C. Section 365. In that opinion the Bankruptcy Court set forth three reasons for its position: (1) enlarging the value of the estate; (2) furthering the rehabilitation of the Debtor; and (3) ability to provide adequate protection of creditors. Several other courts have followed this rationale. See, *In re Flores*, 32 B.R. 455 (Bankr.S.D.Tex.1983).

The Court declines to follow *Booth*. Rather, the Court is of the opinion that the better view is to look to the applicable state law. The overwhelming percentage of cases cited by Appellant which have held contracts for sale to be security devices appear to rest at least in part upon applicable state law already deeming such contracts for sale to be security devices.

◼ Finally, this Court concludes that the contracts in question are executory under the laws of both the State of New Mexico and the State of Texas. See *Shaw v. Dawson*, 48 B.R. 857 (D.C.New Mexico 1985); *In re Waldron*, 65 B.R. 169 (Bankr. N.D.Tex.1986). The United States Supreme Court has characterized an executory contract as one on which performance is due to some extent on both sides. *NLRB v. Bilidisco & Bilidisco*, 465 U.S. 513, 522 n. 6, 104 S.Ct. 1188, 1194 n. 6, 79 L.Ed.2d 482, 493 n. 6 (1983), citing H.R. Rep. No. 95–595, 95th Cong. 1st Sess. 347 (1977); S.Rep. No. 95–989, 95th Cong.2d Sess. 58 (1978), U.S.Code Congressional & Administrative News at pp. 5844, 6303. Unless a contract is executory on both sides, it cannot be an executory contract. A contract for deed is an executory contract. The vendor retains legal title until payment in full. The vendor has not rendered full performance until he delivers legal title to the vendee. The vendee has not fully performed until full payment has been made. Since the vendor has not rendered full performance, the contract is ex-

ecutory on both sides. *In re Rehbein,* 60 B.R. 436 (Bankr. 9th Cir.1986).

Lastly, the Court finds the better-reasoned decisions do not view a deed in escrow as flawing the executory nature of the contract or as changing the risk bargain contemplated by the parties. See *In re Anderson,* 36 B.R. 120, (Bankr.D.Haw. 1983); *In re Swindle,* 188 F.Supp. 601 (D.Or.1960). Accordingly, the Court shall reject such arguments by Appellant.

For the above-stated reasons, IT IS ORDERED, ADJUDGED and DECREED that the July 17, 1987 Order of the Bankruptcy Court determining the Contracts for Purchase to be executory contracts is hereby AFFIRMED.