In re Arthur H. LEEFERS and Nancy E. Leefers.

Arthur H. LEEFERS and Nancy E. Leefers, Debtors,

v.

Mary Ann ANDERSON, John Lancaster, Jerry Lancaster, and Ivan Lancaster, Defendants.

No. 88–3123.

United States District Court,
C.D. Illinois,
Springfield Division.

June 6, 1989.

Rick Verticchio, Gillespie, Ill., for debtors.

J. Richard Meno, Carlinville, Ill., Stephen A. Tagge, James A. Lewis, Springfield, Ill., for defendants.

OPINION

RICHARD MILLS, District Judge:

. The Bankruptcy Court held the contract for deed at issue to be *executory* and, therefore, subject to the provisions of section 365 of the Bankruptcy Code.

This cause is before the Court on appeal from that decision. 28 U.S.C. § 158(a).

I—Facts

Debtor Arthur Leefers entered into a contract for deed with Defendants on May 29, 1979. Leefers contracted to purchase certain real estate in Macoupin County, Illinois. The purchase price was set at $357,-750.00 of which $75,550.00 was paid to Defendants at the time of execution of the

contract. Also, at the time of execution of the contract, a warranty deed was deposited with an escrow agent who was designated to receive payment on behalf of the sellers and to convey the warranty deed to the Debtor upon full payment of the contract price. The balance of the purchase price was to be paid by annual installments—the final payment to be made January 5, 1990.

The Debtor made payments as scheduled from 1979 through 1985. Subsequently, the Debtor filed for bankruptcy under Chapter 12.

The Debtor's amended plan under Chapter 12 provided for application of the "cram down" provision and set forth a plan to pay Defendants the appraised value of the land contracted for in the amount of $143,775.00. The balance due on the contract for deed at the time of the bankruptcy filing was $243,331.27. The Defendants objected to confirmation of the plan and filed a motion to compel adoption or rejection of the contract by the trustee in bankruptcy pursuant to the original terms of the contract as per section 365 of the Bankruptcy Code.

### II—Issue

The issue is whether the contract for the sale of land involved herein is an "executory contract" within the meaning of section 365 of the Bankruptcy Code.

### III—Applicable Law

The Bankruptcy Code does not define the term "executory contract." Thus, an underlying issue in this cause is: to what source do we look to obtain the definition of executory contract? There are two approaches on this issue. The first looks to state law. This view is based on the premise that: "Questions of ownership, as between parties, are questions of state law." *In re Rancho Chamberino, Inc.*, 89 B.R. 597, 599 (W.D.Tex.1987) (citing *Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) ("Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law.")).

The second approach holds that: "Whether a contract is executory within

the meaning of the Bankruptcy Code is a question of federal law." *In re Wegner*, 839 F.2d 533, 536 (9th Cir.1988). This approach is premised on the view that:

> There is no need to look at state law for the meaning of "executory contract." As Professor Countryman observed, there was no need for a statutory definition of "executory contract" under the former Bankruptcy Act, because the courts "seem to have experienced little difficulty in fashioning a definition of executory contracts that is both workable and consistent with the apparent policy of those provisions of the Bankruptcy Act dealing with such contracts." ... Perhaps because the federal courts had fashioned a definition of executory contracts, the drafters of the new Bankruptcy Code found it unnecessary to define the term.

*In re Alexander*, 670 F.2d 885, 888 (9th Cir.1982) (quoting Countryman, *Executory Contracts in Bankruptcy: Part II*, 58 Minn.L.Rev. 479, 563 (1974)).

█ We believe the second approach to be the better. The definition of words in federal statutes should be defined as a matter of federal law. It is only after the term is defined that state law comes into play to determine the relationship of the parties. For example, in the instant cause we look to federal law to define the term executory contract. Generally, that depends upon whether either side has so far performed their obligations under the contract such that a material breach of the contract could not occur. Whether a material breach could occur would be determined according to state contract law.

█ Having determined the source of law to use, we must determine what the law is. On the issue of executory contracts for purposes of the Bankruptcy Code, the Countryman definition is universally accepted. *See, e.g., In re Speck*, 798 F.2d 279, 280 (8th Cir.1986) (Eighth Circuit notes its adoption of the Countryman definition for executory contracts); 1 R. Ginsberg, Bankruptcy ¶ 7002, at 7011–12 (1986). Countryman defines an executory contract

within the meaning of the Bankruptcy Code as: "[A] contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn.L. Rev. 439, 460 (1973). This definition is fully in accord with the legislative history of section 365 of the Bankruptcy Code which states:

> Though there is no precise definition of what contracts are executory, it generally includes contracts on which performance remains due to some extent on both sides. A note is not usually an executory contract if the only performance that remains is payment. Performance on one side of the contract would have been completed and the contract is no longer executory.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 347 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 6303. Thus, we apply the Countryman definition to the contract at issue.

### IV—Contract for Deed

Whether a land sales contract is an executory contract under section 365 of the Bankruptcy Code has generated a considerable amount of caselaw. Two lines of cases have developed. The first line of cases holds that land sales contracts are not executory contracts, but rather, are security devices similar to mortgages (which consistently have been held to be outside the scope of section 365). *See, e.g., In re Bertelsen*, 65 B.R. 654 (Bankr.C.D.Ill. 1986) (and cases cited therein).

The second line of cases, applying the Countryman definition strictly, have held land sales contracts to be executory where substantial performance remains on both sides. *See, e.g., In re Scanlan*, 80 B.R. 131 (Bankr.S.D.Iowa 1987) (and cases cited therein). Many courts holding this way have further found that such contracts would not be treated as a mortgage under applicable state law. *See, e.g., In re Buchert*, 69 B.R. 816, 820–21 (Bankr.N.D.Ill. 1987).

In Illinois, the bankruptcy courts are split on this issue. In *In re Bertelsen*, 65 B.R. 654 (Bankr.C.D.Ill.1986), Bankruptcy Judge Altenberger found a land sales contract to be a security device similar to a mortgage and, therefore, not an executory contract.[1] Conversely, in *In re Buchert*, 69 B.R. 816 (Bankr.N.D.Ill.), *aff'd*, No. 87–C–2680, 1987 WL 16019 (N.D.Ill. Aug. 19, 1987), Bankruptcy Judge Schwartz found a land sales contract to be an executory contract based on (1) Illinois law and (2) the assertion that "a land sales contract fits in with the traditional definition of an executory contract as performance is still due by both parties to the contract." *Id.* at 820.

This Court believes the proper course in determining whether a land sales contract is executory is to apply the Countryman definition. This requires a two-step inquiry. *First*, it must be ascertained whether either party has any unperformed obligation under the contract at the time the bankruptcy petition is filed. *Second*, if both parties have unperformed obligations under the contract, would the failure to perform those obligations constitute a material breach of the contract. Whether a breach would be material is a question of state contract law. If one party has so fully performed that nothing he could do would cause a material breach of the contract, then the contract is not an executory contract.

■ By definition our holding requires a case by case analysis. We reject a rule

---

1. In *Bertelsen*, the court found that under Illinois law a land sales contract is considered to be in the nature of a secured transaction, though acknowledging that Illinois courts have referred to such contracts as executory. The court noted, however, that the "characterizations of land sales contracts as 'executory' contracts by Illinois courts are not determinative for purposes of Section 365." *In re Bertelsen*, 65 B.R. at 657 n. 2. *But see In re Buchert*, 69 B.R. at 820 ("Under Illinois law, contracts for the purchase of real property or, as they are sometimes called, articles of agreement, are not considered to be a security instrument, mortgage or trust deed, but constitutes [sic] an executory contract.").

which would classify all land sales contracts as executory or non-executory simply by virtue of its status as a land sales contract.

We must address one argument raised by Defendants. They argue that we must consider any land sale contract to be executory under section 365(a) because: "11 U.S.C. Section 365(i) and (j) specifically refers to an agreement for the sale of real property as an executory contract." We believe this is not a correct characterization of what those subsections say. What section 365(i) does say is: "If the trustee rejects an executory contract of the debtor for the sale of real property ..." 11 U.S.C. § 365(i). The Court does not believe this language indicates an attempt to treat *all* land sale contracts as executory. Such language merely begs the question: is the contract at issue executory *and* does it involve a land sale contract where the purchaser is in possession? Under the statute, these appear to be separate issues. Thus, not all land sale contracts must be considered executory under section 365(i).

Even if we were to concede Defendants' argument that sections 365(i) and (j) require a finding of land sale contracts to be executory, it does not follow that we must carry over that definition to section 365(a). As the court stated in *In re Booth*, 19 B.R. 53 (Bankr.D.Utah 1982):

[This] argument founders, however, on at least two shoals. First, treatment of the contract for deed as an executory contract, where debtor is vendee, ignores the reasons for enacting Sections 365(i) and 365(j). They were passed to give nondebtor vendees the protection of mortgagors. Viewing the contract for deed as a lien, where the debtor is vendee, therefore is consistent with the spirit of these provisions. Second, consistency in terminology, that is treating contracts for deed as executory contracts under Section 365 in every instance, favors nondebtor vendees over debtor vendees and debtor vendors over debtor vendees in bankruptcy. Particularized treatment of the contract for deed is necessary to avoid these consequences. *Id.* at 62.

### V—Bankruptcy Court Decision

Here, the Bankruptcy Court found the contract at issue to be an executory contract. However, from the Court's order of April 7, 1988, denying confirmation of the debtors' amended plan under Chapter 12, it is impossible to tell on what basis it did so. The Court may have relied on state law, following the *Buchert* court's view that Illinois land sales contracts are not considered to be in the nature of security devices, *see supra* note 1; or it may have considered the contract executory based solely on its status as a land sales contract regardless of state law; or it may have relied on application of the Countryman definition and found there to have been material obligations remaining on both sides. Having no indication as to which approach the Bankruptcy Court used, and in light of our holding, we ordered further briefing from the parties on the questions of whether the Defendants had unperformed obligations under the contract and whether Defendants could materially breach the contract.[2]

Rather predictably, Defendants argued that, as of the time of the bankruptcy filing, they had not yet provided merchantable title—failure of which would constitute a material breach of the contract under Illinois law. On the other hand, the Debtor argues that the Defendants have fully performed by placing a warranty deed in escrow and, therefore, cannot materially breach the contract. However, it is not clear from the Debtor's memorandum whether he is arguing that (1) Defendants have already provided merchantable title and, therefore, have fully performed or (2) the Defendants have yet to provide merchantable title, but even if they do not, this would not constitute a material breach un-

---

**2.** It is undisputed that the debtor-vendee had not fully performed at the time of bankruptcy as the purchase price had not been fully paid. Thus, clearly a material breach could (and did) occur on his side. Thus, in applying the Countryman definition, the issue became whether Defendants had fully performed.

der Illinois contract law. There is a crucial difference here which must be resolved.

### VI—Conclusion

Having put forth the rule to be followed, and considering the record before us, the Court believes the most expeditious way to further this litigation is to remand it to the Bankruptcy Court for application of the rule announced herein. We would note that the requirement of providing merchantable title, as prescribed in paragraph 3 of the contract for deed, appears to be the operative issue. This Court tends to agree with *In re Rehbein,* 60 B.R. 436 (9th Cir.Bankr.App.Panel 1986), that "where the debtor has already placed the deed in escrow and has no other material obligations to perform, a contract for deed is not executory." *Id.* at 441; *see also In re Buchert,* 69 B.R. at 820 n. 5. *But see In re Rancho Chamberino, Inc.,* 89 B.R. at 601 (fact that deed is placed in escrow does not flaw the executory nature of the contract). Thus, the obligation of delivery of the warranty deed has been satisfied by use of the escrow agent in the instant case—unless state law holds otherwise.

*Ergo,* the decision of the Bankruptcy Court is hereby VACATED and REMANDED for further proceedings consistent with this opinion.