## In re SEABROOK ISLAND OCEAN CLUB, INC., Debtor.

### Bankruptcy No. 89–03386.

United States Bankruptcy Court, D. South Carolina.

April 11, 1990.

Gerald Finkel, Columbia, S.C., for movant.

R. Geoffrey Levy, Columbia, S.C., Charles P. Summerall, IV, Charleston, S.C., for debtor.

## ORDER

**WILLIAM THURMOND BISHOP,**
Bankruptcy Judge.

Before the court is the motion of the Charter Club Certificate Holders of the Seabrook Island Ocean Club ("the Certificate Holders") to set a time for the assumption or rejection of executory contracts pursuant to 11 U.S.C. § 365(d)(2).[1,2] The debtor and North Carolina National Bank of South Carolina filed objections on the grounds that the Certificate Holders are equity shareholders and the Certificates are not executory contracts that can be assumed or rejected by the Debtor.

### FINDINGS OF FACT

On October 25, 1985, the debtor issued a prospectus which offered for sale "units" in the debtor corporation. The Units consisted of one Class A share in the corporation and one Charter Club Certificate. The Prospectus described the nature of a Charter Club Certificate and the rights and benefits to which a Certificate Holder is entitled. According to the Prospectus, the Certificate Holders are entitled to:

(a) Automatic membership in the Seabrook Island Ocean Club ("the Club"), subject to the rule that any new member must own or have a contract to purchase real property on Seabrook Island;

(b) Waiver of one-half of the initiation fee;

(c) Waiver of one-half of the annual dues; and

(d) A 15% discount at shops and restaurants owned by the Club.

The Prospectus gives a present value to the Charter Club Certificates of $10,263.00. Article VIII of the debtor's by-laws also describes the benefits and obligations for Certificate Holders as well as the debtor and includes a requirement that a Certifi-

cate Holder remain a Club member in good standing and a provision that the Certificates can be freely assigned, transferred, sold, or bequeathed.

The debtor filed its Chapter 11 petition on September 20, 1989 and remains a debtor-in-possession. The Certificate Holders have filed their motion to require the debtor to either assume the duties set out in the Prospectus and by-laws or reject the executory contract embodied in the Prospectus and by-laws and allow them to liquidate their claims against the debtor.

The debtor objected to the Certificate Holders' motion on the grounds that the Certificate Holders are equity shareholders and that the Certificates are not executory contracts that can be assumed or rejected by the debtor.

### ISSUES

1. Are the Certificate Holders equity shareholders or creditors of the estate?

2. Are the Certificates executory contracts that can be assumed or rejected by the debtor pursuant to § 365?

### CONCLUSIONS OF LAW

Assuming *arguendo* that the Certificate Holders are granted the status of creditors, this court finds that no executory contracts exist.

The Certificate Holders urge the court to use the "functional approach" which would deem the Certificates in question to be executory contracts and allow them to be rejected, thus relieving the estate of burdensome contracts. The test is not mutuality of commitment but whether assumption or rejection would ultimately benefit the estate and protect its creditors. *In re Arrow Air, Inc.,* 60 B.R. 117 (Bankr.S.D.Fla. 1986).

---

1. Further references to the Bankruptcy Code (11 U.S.C. §§ 101 et seq.) shall be by section number only.

2. Section 365(d)(2) states:
   In a case under chapter 9, 11, 12, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of a plan but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

This court is of the opinion that the more common definition of an executory contract, and indeed the test adopted in this circuit, follows Professor Countryman's definition of an executory contract, which is "a contract under which the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." See *Gloria Manufacturing Corp. v. International Ladies Garment Workers Union,* 734 F.2d 1020, 1022 (4th Cir.1984) and *Lubrizol Enterprises v. Richmond Metal Finishers,* 756 F.2d 1043 (4th Cir.1985).

In the instant case, the Certificate Holders purchased their rights from the debtor at the time they purchased their Class A stock and have no material obligation which is yet unperformed. The Certificate Holders assert an on going obligation to pay the debtor dues to retain their membership rights. However, as the *Lubrizol* case states "a contract is not executory as to a party simply because the party is obligated to make payments of money to the other party." *Lubrizol* at 1046, citing *In Matter of Smith Jones,* 26 B.R. 289 at 292 (Bankr.D.Minn.1982), H.Rep. No. 95–595, 95th Cong., 2d Sess. 347, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6303–04.

As *In re Streets & Beard Farm Partnership (Mitchell v. Streets),* 882 F.2d 233, 235 (7th Cir.1989) states:

The legislative history to § 365, however, provides that an executory contract is a contract on which performance remains due to some extent on both sides. S.Rep. No. 989, 95th Cong., 1st Sess. 347, *reprinted in* 1978 U.S.CODE CONG. & ADMIN.NEWS 5787, 5844, 5963, 6303. Taken literally, this definition would render almost all agreements executory since it is the rare agreement that does not involve unperformed obligations on either side. In our view, however, this interpretation would not effect the intent of Congress. Rather, we believe that Congress intended § 365 to apply to contracts where significant unperformed obligations remain on both sides. *See* V.

Countryman, *Executory Contracts in Bankruptcy: Part I,* 57 Minn.L.Rev. 439, 460 (1974).

*See also In re Leefers,* 101 B.R. 24 (Bankr. C.D.Ill.1989).

This court is of the opinion that the Certificate Holders rights are not executory contracts within the meaning of § 365(d)(2). The Certificate Holders have not persuaded the court that the Fourth Circuit cases on this issue should be supplanted by the "functional" approach and accordingly, their motion to compel the debtor to assume or reject the certificates as executory contracts is denied.

Having determined and found that the Certificates are not executory contracts, it is not necessary for this court to adjudicate whether the holders are equity shareholders or creditors.

AND IT IS SO ORDERED.